Willie Mae Winkley SHOEMATE, Appellant,

v.

Donald Aaron WINKLEY, Appellee.

No. 6362.

Court of Civil Appeals of Texas, El Paso.

Jan. 9, 1974.

Hatch & Yeager, Ronald M. Yeager, Aransas Pass, for appellant.

John L. Hoestenbach, Jr., Odessa, for appellee.

## OPINION

WARD, Justice.

This is partially a venue case. After the parties were divorced and the judgment was final, the husband filed motion in the divorce suit requesting reduction of child support, change in the original judgment as to visitation, accounting as to the support received, and certain relief against any change of the child's name. From the judgment of the District Court of Winkler County overruling the former wife's Plea of Privilege to be sued in San Patricio County and ordering a reduction in child support payments, the former wife appeals. The judgment of the trial Court is affirmed in part and reversed in part.

The parties were divorced May 21, 1971, in the District Court of Winkler County and the custody of their minor child was placed with the wife. The husband, Donald Winkley, was ordered to pay $90.00 per month as child support. The former wife remarried on July 26, 1971, and she is now Mrs. Willie Mae Shumate and her residence is in San Patricio County. The former husband now prays that the support payments of $90.00 a month be reduced and that the visitation rights be extended and set at a definitely discernible time to at least six weeks in the summer and one weekend each month. After the plea of privilege was overruled, the evidence on the motion was heard and the child support payments were reduced to the sum of $75.00 a month, the Appellee was ordered to give three weeks' notice to his former wife before his two weeks' summer visitation with the minor child, was allowed to make one telephone call per month to the child, and the former wife was ordered to notify the Appellee of any change of her address or telephone number.

As to the plea of privilege, the case is controlled by Boney v. Boney, 458 S.W.2d 907 (Tex.Sup.1970). For venue purposes, no distinction exists between a hearing on change of custody and a change in visitation rights. Venue of the suit seeking a readjudication of visitation rights is in the County of the defendant's residence and is governed by the general venue statute, Art. 1995, Vernon's Tex. Rev.Civ.Stat.Ann., but the original divorce Court has continuing exclusive jurisdiction over changes in child support. Art. 4639a, Tex.Rev.Civ.Stat.Ann. In overruling the plea of privilege as to all matters before it, the trial Court was in error.

As to the complaint by the Appellant that the Court erred in reducing the support to $75.00 a month, we are charged with the knowledge that the trial judge has had this controversy before him since the divorce suit was originally filed. Not only did he have the facts before him as of the time of the divorce, but he had an additional hearing in July, 1971. He knew that the Appellant was unemployed at the time of the divorce. The evidence is that her present husband is employed as a high school teacher. The Appellee has remar-

ried and is in arrears in the sum of $800.00 in his child support payments. Applying the principles that the trial Court is in a much better position that this Court to appraise the matters considered in fixing the amount of support and that it exercises a broad discretion in regard to its order, we hold that the record before us does not disclose a clear abuse of discretion. Hobdy v. Lewis, 409 S.W.2d 428 (Tex.Civ.App.—Fort Worth 1966, no writ).

The trial Court's order regarding child support is affirmed, and that portion of the issue before the trial Court regarding child support and any reports relating thereto are severed from all remaining matters. The balance of the trial Court's order is reversed and the remaining matters regarding visitation and the child's name are ordered transferred to the District Court of San Patricio County.