**Lisa Rae Ragsdale McGUIRE,
Appellant,**

v.

**Charles Francis McGUIRE, Appellee.**

No. 01–98–00044–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 30, 1999.

Lisa Rae Ragsdale McGuire, Webster, pro se.

Kevin Thomas McGuire, Houston, for Appellee.

Panel consists of Justices MIRABAL, HEDGES, and SMITH (Retired).*

## OPINION

ADELE HEDGES, Justice.

Appellant, Lisa Rae Ragsdale McGuire ("Wife"), appeals from an order modifying child support in favor of Charles Francis McGuire ("Husband"). We affirm.

### Facts

In 1992, Husband and Wife signed an agreement incident to divorce ("Agreement"), which required Husband to pay $800 per month in child support and conditionally granted him the tax exemptions

for their three dependent children. About seven months later, in 1993, Husband and Wife were divorced. The final divorce degree incorporated the Agreement's provisions for child support and tax exemptions.

In 1996, Husband stopped paying child support. In 1997, the trial court found him in contempt and ordered him to pay the arrearages. Less than three weeks later, Husband moved to modify the suit affecting the parent-child relationship. He sought to reduce his payment obligations, arguing that his circumstances had "materially and substantially" changed. *See* TEX. FAM.CODE ANN. § 156.401 (Vernon 1996). The trial court reduced Husband's monthly child support payments from $800 to $288 and apportioned the tax exemptions between Husband and Wife. Wife appeals the trial court's order in four points of error.

### Standard of Review

■ A trial court's ruling on child support will not be reversed on appeal unless there is a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). The test is whether the trial court acted arbitrarily, unreasonably, or without reference to guiding rules and principles. *Id.* The reviewing court must view the evidence in the light most favorable to the trial court's actions and indulge every legal presumption in favor of the order. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex.App.—Houston [1st Dist.] 1993, writ denied). There is no abuse of discretion if some probative and substantive evidence supports the order. *Id.*

### Agreement Incident to Divorce

In her first point of error, Wife contends that the trial court erred by not enforcing the Agreement for child support and tax exemptions.[1]

---

\* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Specifically, Wife complains that "the trial court erred and abused its discretion when it failed to enforce the agreement incident to divorce for child support and conditional use of the federal tax exemptions" because there

Wife's first point of error does not direct this Court's attention to any specific error on which she bases her complaint. *See* Tex.R.App. P. 38.1(e). A complaint on appeal must address specific errors and not merely attack the trial court's order in general terms. *Hollifield v. Hollifield,* 925 S.W.2d 153, 155 (Tex.App.—Austin 1996, no writ). A point of error is multifarious when it embraces more than one specific ground of error. *Id.* Because Wife's first point of error is multifarious, we may overrule it on that basis. *Id.* Nonetheless, even if we consider the merits, we affirm the trial court's order.

Turning to the merits, Husband and Wife signed the Agreement, which was later incorporated by reference into their final divorce degree. Both the Agreement and decree required Husband to pay $800 per month in child support. There is no dispute as to whether the trial court had the authority to reduce the support payments in the decree. Instead, Wife argues that the trial court should have enforced the prior Agreement at the modification hearing. In other words, she contends that the $800 obligation in the Agreement should continue to exist as a separate source of liability.

This Court has previously held that an agreement incident to divorce does not prohibit a modification of support payments. *See Leonard v. Lane,* 821 S.W.2d 275, 277 (Tex.App.—Houston [1st Dist.] 1991, writ denied). In *Leonard,* as in this case, the father's child support liability stemmed from two separate sources: (1) the contractual agreement incident to divorce and (2) the court-ordered judgment. *Id.* The mother's motion to modify in *Leonard,* like Husband's motion in this case, sought to modify only the court-ordered support, not the contractual agreement. *Id.* The father in *Leonard* did not dispute whether the trial court could modi-

fy its own judgment. *Id.* Instead, he counterclaimed for breach of contract. *Id.* This Court held in *Leonard* that the trial court could modify the court-ordered support payments, notwithstanding any agreements of the parties, if it was in the child's best interest. *Id.* We find this reasoning persuasive.

In contrast, the case of *Ruhe v. Rowland,* 706 S.W.2d 709, 710 (Tex.App.—Dallas 1986, no writ), appears to support Wife's argument. In *Ruhe,* the father's child support liability also stemmed from both the contract and the judgment. *Id.* Because contract rules governed the contract, the trial court could not modify it in the absence of fraud, accident, or mistake, except by consent of the parties. *Id.* The court decreased the support payments, thereby affecting only the court-ordered judgment, not the contract. *Id.* Accordingly, the contract continued to exist as a separate source of liability. *Id.* The father, therefore, remained obligated to pay the contractual child support. *Id.*

Similarly, *Alford v. Alford,* 487 S.W.2d 429, 434 (Tex.Civ.App.—Beaumont 1972, writ dism'd), held that a court cannot modify a contractual "settlement agreement" relating to child support without the legal prerequisites for contract modification. The order in *Alford* specifically stated that it was "completely separate and apart from" and had "no bearing on" any contract between the parties. *Id.* at 431.

*Alford* is distinguishable because, after searching the record in this case, we found no such language in either the Agreement or the decree. Nor did Wife provide any record citations to prove that the Agreement and decree were intended to be separate. *See* Tex.R.App. P. 38.1(h). To the contrary, the Agreement stated that it "shall become incorporated by reference"

is no evidence or insufficient evidence to support "extinguishing and merging the agreement setting child support into a post-judgment modification of the 1993 consent decree." To support her argument that the

trial court cannot amend the agreement incident to divorce, she asserts various contract rules such as duress, lack of knowledge, mistake, and parol evidence.

into the decree. Both the Agreement and decree ordered the same support amounts and payment schedules. Moreover, Wife concedes that the Agreement "was attached to" and "was ordered and incorporated into" the decree.

■ When an agreement is incorporated into a divorce decree, the decree is a consent judgment. *Rivera v. Office of Attorney Gen.,* 960 S.W.2d 280, 283 (Tex. App.—Houston [1st Dist.] 1997, no pet.). Once the court approves the agreement and makes it a part of the judgment, the agreement is no longer merely a contract between private individuals, but is the judgment of the court. *Id.* Consequently, a court may modify a child support agreement that was incorporated into a decree. *Leonard,* 821 S.W.2d at 277; *Hoffman,* 805 S.W.2d at 851.

■ Likewise, the Agreement in this case was not merely a contract. It became a court judgment once it was incorporated into the decree. Thus, the trial court had the authority to modify Husband's payment obligations. *See Leonard,* 821 S.W.2d at 277; *Hoffman,* 805 S.W.2d at 851.

■ Moreover, a child support agreement must specifically provide for contract enforcement to be enforceable as a contract. TEX. FAM.CODE ANN. § 154.124(c). Terms of the agreement in the divorce order may be enforced "by all remedies available for enforcement of a judgment, including contempt, but are not enforceable as contract terms unless provided by the agreement." *Id.* Because neither the divorce decree nor the Agreement provided that the terms were enforceable as contract terms, contractual remedies are not available. We hold that the trial court had the authority to modify the divorce decree and did not abuse its discretion in failing to enforce the Agreement incident to divorce.

■ Additionally, in her first point of error, Wife contends that the trial court should have excluded Husband's 1992 tax return because it predated the 1993 divorce decree.

A court may modify a child support order if the circumstances have materially and substantially changed "since the date of the order's rendition." TEX. FAM.CODE ANN. § 156.401 (Vernon 1996). To support her argument, Wife relies on *Ritter v. Wiggins,* 756 S.W.2d 861 (Tex.App.—Austin 1988, no writ), in which the father proved that the circumstances had not changed since a 1987 court order. *Id.* at 864. The relevant time period, however, began from the Ritter's 1980 divorce decree, not from the 1987 order. *Id.*

This case is distinguishable from the seven-year time differential in the *Ritter* case. *Id.; cf. Bradshaw v. Billups,* 587 S.W.2d 61, 62 (Tex.Civ.App.—Eastland 1979, no writ) (two-year time differential). Husband's 1992 tax return pertained to his income from January 1 through December 31, 1992. Less than two months later, on February 23, 1993, the divorce decree was rendered. Therefore, the 1992 tax return predated the decree by less than two months, not by the seven years in *Ritter.* The record, which includes Husband's financial information for 1992, 1995, 1996, and 1997, reflects a substantial and material change in Husband's circumstances since the 1993 divorce decree. Thus, the trial court did not err in admitting Husband's 1992 tax return.

■ Moreover, Wife did not object at the hearing when Husband's 1992 tax return was introduced and admitted in evidence. Without a trial objection, Wife waived the right to raise this complaint on appeal. TEX.R.APP. P. 33.1(a).

We overrule the first point of error.

## Modification of Child Support

■ In her fourth point of error, Wife contends that the evidence is legally and factually insufficient to establish a ma-

terial and substantial change in Husband's circumstances.[2]

As set forth above, a trial court may modify a child support order if the circumstances have "materially and substantially changed." TEX. FAM.CODE ANN. § 156.401 (Vernon 1996). The primary consideration is the best interest of the child. *Id.* at § 156.402(b). The court retains broad discretion in modifying a prior support order. *Hollifield,* 925 S.W.2d at 155.

Husband sought to reduce his child support payments, arguing that his net income had decreased. His evidence included his own testimony, his accountant's testimony, and his financial information for 1992, 1995, 1996, and 1997. Husband showed that in 1992, his salary as a full-time employee for a remodeling company was about $2,255 per month. While still married in 1993, he left the company and started his own remodeling business. In 1997, his projected earnings were about $1,218 per month.

Like Husband, the father in *Starck v. Nelson,* 878 S.W.2d 302, 308 (Tex.App.— Corpus Christi 1994, no writ), started a new job and did not foresee what his future self-employment income would be. Unfortunately, the new job was not as lucrative as the previous one. *Id.* Nonetheless, he met his burden of proving that his circumstances materially and substantially changed. *Id.* The court, therefore, reduced his support payments. *Id.*

The trial court in this case was free to believe or disbelieve Husband's evidence. *See Tucker v. Tucker,* 908 S.W.2d 530, 534 (Tex.App.—San Antonio 1995, writ denied). Because the trial court had knowledge of the case from the time of the divorce until the modification hearing, it

was in a better position than this Court to consider the evidence. *See Shoemate v. Winkley,* 505 S.W.2d 357, 358–59 (Tex.Civ. App.—El Paso 1974, no writ). Thus, the trial court did not abuse its discretion in finding that Husband's prospective monthly net resources had decreased to $1,218.37.

Moreover, the trial court's prospective child support order of $288.80 per month did not vary from the Family Code's guidelines. An order that conforms to the guidelines, such as the order in this case, is presumed to be reasonable and in the best interest of the child. TEX. FAM.CODE ANN. § 154.122(a) (Vernon 1996). We hold that the record before us does not disclose a clear abuse of discretion.

We overrule the fourth point of error.

### Needs of the Children

In her second point of error, Wife contends that the trial court erred when it did not set the child support based on the needs of the children.

In addition to the Family Code's guidelines, a trial court "may consider other relevant evidence" in ordering child support. TEX. FAM.CODE ANN. § 156.402(b) (Vernon 1996). For example, some of the additional factors are:

(1) the age and needs of the child;

(2) the ability of the parents to contribute to the support of the child;

(3) any financial resources available for the support of the child; and ...

(17) any other reason consistent with the best interest of the child, taking into consideration the circumstances of the parents.

TEX. FAM.CODE ANN. § 154.123(b) (Vernon 1996). The trial court, therefore, retains

---

**2.** In the child support context, sufficiency challenges are not independent points of error, but are incorporated into an abuse of discretion determination. *Farish v. Farish,* 921 S.W.2d 538, 542 (Tex.App.—Beaumont 1996, no writ). Once the reviewing court determines whether sufficient evidence exists,

it must then decide whether the trial court appropriately exercised its discretion in applying the child support guidelines. *Id.* Even though Wife raises only sufficiency claims, we will address both the sufficiency and abuse of discretion prongs of the inquiry.

broad discretion. *Hoffman v. Hoffman*, 805 S.W.2d 848, 851 (Tex.App.—Corpus Christi 1991, writ denied).

Here, the support order is presumed to be reasonable and in the best interest of the child because it did not vary from the Family Code's guidelines. TEX. FAM.CODE ANN. § 154.122(a). Nevertheless, Wife argues that the trial court should have considered the "needs of the children." This factor, however, is only one of a nonexhaustive list of seventeen additional factors that a court "may" consider. We hold that the trial court did not err in failing to set child support on the additional factor regarding the needs of the children.

■■■ Wife also contends that the evidence is legally and factually insufficient to show that needs of the children had materially changed. Husband was required to prove that the circumstances of either "the child or a person affected by the order" had materially changed. TEX. FAM.CODE ANN. § 156.401. Under the statute, Husband was not required to prove both. As set forth above in point of error four, Husband proved that his own circumstances had materially changed. Additional proof regarding the children's needs was not necessary. *Baucom v. Crews*, 819 S.W.2d 628, 631 (Tex.App.—Waco 1991, no writ).

We overrule the second point of error.

### Intentional Underemployment

■■■ In her third point of error, Wife contends that the trial court should have based the child support on Husband's earning potential, instead of on his actual earnings, because Husband was intentionally underemployed. TEX. FAM.CODE ANN. § 154.066 (Vernon 1996).

Husband became self-employed in the remodeling business because it appeared "more lucrative" than teaching. In 1996, he earned about $15,000, and expected to earn a little less than that in 1997. Wife argues that Husband could earn more money as a salaried, full-time employee, either in the remodeling business or as a certified teacher.

Regarding the remodeling business, Husband's accountant testified that incomes range "anywhere from $12,000 yearly up to $20,000," but rarely up to $28,000. Husband's self-employment income fell within that range. Moreover, Husband testified that he doubted if he "could make more money working for another company." He explained that he was not intentionally underemployed. Instead, he was "forced" to start his own business in 1993 because companies began to use contract labor to save money and "don't have people like [him] anymore."

Regarding teaching, evidence was presented that teachers earn between $23,000 and $33,000 per year. However, Husband argued that he did not have enough teaching experience to earn a salary in the higher range. In fact, he had previously earned only $11,200 per year as a certified teacher.

The trial court did not make findings on the issue of intentional underemployment. Husband testified that he thought self-employment would be "more lucrative"; however, he surely did not foresee that his earnings would decrease. *See Starck*, 878 S.W.2d at 308. He further testified that other jobs would not provide a higher salary. The trial court was free to believe or disbelieve Husband's testimony. *See Tucker*, 908 S.W.2d at 534. Accordingly, it is possible that Husband may not have obtained greater financial resources by working for a different company. *See Starck*, 878 S.W.2d at 308. We hold that the trial court did not err in failing to set child support on Husband's earning potential.

We overrule the third point of error.

We affirm the order of the trial court.