TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00636-CV







In the Interest of S.C.A.







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 81-294-F, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING 






 Bruce Austerman appeals from the district-court judgment enforcing his child support
obligation. (1)
 We will affirm the judgment.

 Appellant's brief complains of ineffective assistance of counsel. With the exception
of juvenile cases, the doctrine of ineffective assistance of counsel does not apply in civil cases. 
Compare Walton v. City of Midland, 24 S.W.3d 853, 862 (Tex. App.--El Paso 2000, no pet.) (tort
litigation), and Krasniqi v. Dallas County Child Protective Servs. Unit, 809 S.W.2d 927, 931 (Tex.
App.--Dallas 1991, writ denied) (termination of parental rights), with In re K.J.O., 27 S.W.3d 340,
342 (Tex. App.--Dallas 2000, pet. denied) (although civil cause, juvenile can raise ineffective
assistance), and In re M.S., 940 S.W.2d 789, 791 (Tex. App.--Austin 1997, no writ) (same). 
Further, no reporter's record was requested or filed, nor was any bill of exception made that might
support the assertions in appellant's brief. Tex. R. App. P. 35.3(b)(3) (appellant must request and
make payment arrangements for record); see American Paging of Texas, Inc. v. El Paso Paging, Inc.,
9 S.W.3d 237, 240 (Tex. App.--El Paso 1999, pet. denied).

 In a supplemental brief, appellant also asserts that the amount of the child support
arrearage is "impossible." He attached to his notice of appeal and supplemental brief an uncertified
copy of a "closing statement," signed by himself and the child's mother, for a settlement in what
appears to be a personal injury suit in Harris County with a handwritten notation "clients agreed to
split 'net to client' amount." He has also attached a 1994 letter from an attorney that appears to
claim appellant had paid certain monies to the child's mother that had not been credited to his child
support account.

 A trial court's ruling on child support will not be reversed on appeal unless there is
a clear abuse of discretion. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); Hollifield v.
Hollifield, 925 S.W.2d 153, 155 (Tex. App.--Austin 1996, no writ). The reviewing court must view
the evidence in the light most favorable to the trial court's actions and indulge every legal
presumption in favor of the order. McGuire v. McGuire, 4 S.W.3d 382, 384 (Tex. App.--Houston
[1st Dist.] 1999, no pet.); Holley v. Holley, 864 S.W.2d 703, 706 (Tex. App.--Houston [1st Dist.]
1993, writ denied). There is no abuse of discretion if some probative and substantive evidence
supports the order. McGuire, 4 S.W.3d at 384; Holley, 864 S.W.2d at 706.

 We have reviewed the clerk's record filed in this case. The record shows a series of
motions to enforce and enforcement orders. The final order in this case is regular on its face and the
record contains the duly certified official records of the child support enforcement office showing
the arrearage. It does not appear that any of the documents attached to the notice of appeal and
supplemental brief formed part of the record before the court at the hearing. Appellant does not
show that the purported evidence concerning these claimed amounts had not already been considered
and either accepted or rejected in one of the numerous earlier enforcement actions.

 We have reviewed the briefs and record presented and find no reversible error. Tex.
R. App. P. 44.1(a) (judgment reversed only if claimed error probably caused rendition of improper
judgment). Accordingly, we overrule appellant's issues and affirm the district-court judgment. 



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: August 9, 2001

Do Not Publish
1. Austerman was represented by counsel at trial. He is representing himself on appeal, which
does not excuse him from complying with applicable rules of procedure: "Neither is it [the right of
self-representation] a license not to comply with the relevant rules of procedural and substantive
law." Faretta v. California, 422 U.S. 806, 834 n.46 (1975); Mansfield State Bank v. Cohn, 573
S.W.2d 181, 184-85 (Tex. 1978); Chandler v. Chandler, 991 S.W.2d 367, 378-79 (Tex. App.--El
Paso 1999, pet. denied). Appellant's brief does not comply with the briefing rules. See generally
Tex. R. App. P. 38. However, considering the principle that briefing rules are to be liberally
construed and the abbreviated nature of the record, we have submitted the case based on appellant's
brief and the record as filed with this Court. See Tex. R. App. P. 38.9.




enforcing his child support
obligation. (1)
 We will affirm the judgment.

 Appellant's brief complains of ineffective assistance of counsel. With the exception
of juvenile cases, the doctrine of ineffective assistance of counsel does not apply in civil cases. 
Compare Walton v. City of Midland, 24 S.W.3d 853, 862 (Tex. App.--El Paso 2000, no pet.) (tort
litigation), and Krasniqi v. Dallas County Child Protective Servs. Unit, 809 S.W.2d 927, 931 (Tex.
App.--Dallas 1991, writ denied) (termination of parental rights), with In re K.J.O., 27 S.W.3d 340,
342 (Tex. App.--Dallas 2000, pet. denied) (although civil cause, juvenile can raise ineffective
assistance), and In re M.S., 940 S.W.2d 789, 791 (Tex. App.--Austin 1997, no writ) (same). 
Further, no reporter's record was requested or filed, nor was any bill of exception made that might
support the assertions in appellant's brief. Tex. R. App. P. 35.3(b)(3) (appellant must request and
make payment arrangements for record); see American Paging of Texas, Inc. v. El Paso Paging, Inc.,
9 S.W.3d 237, 240 (Tex. App.--El Paso 1999, pet. denied).

 In a supplemental brief, appellant also asserts that the amount of the child support
arrearage is "impossible." He attached to his notice of appeal and supplemental brief an uncertified
copy of a "closing statement," signed by himself and the child's mother, for a settlement in what
appears to be a personal injury suit in Harris County with a handwritten notation "clients agreed to
split 'net to client' amount." He has also attached a 1994 letter from an attorney that appears to
claim appellant had paid certain monies to the child's mother that had not been credited to his child
support account.

 A trial court's ruling on child support will not be reversed on appeal unless there is
a clear abuse of discretion. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); Hollifield v.
Hollifield, 925 S.W.2d 153, 155 (Tex. App.--Austin 1996, no writ). The reviewing court must view
the evidence in the light most favorable to the trial court's actions and indulge every legal
presumption in favor of the order. McGuire v. McGuire, 4 S.W.3d 382, 384 (Tex. App.--Houston
[1st Dist.] 1999, no pet.); Holley v. Holley, 864 S.W.2d 703, 706 (Tex. App.--Houston [1st Dist.]
1993, writ denied). There is no abuse of discretion if some probative and substantive evidence
supports the order. McGuire, 4 S.W.3d at 384; Holley, 864 S.W.2d at 706.

 We have reviewed the clerk's record filed in this case. The record shows a series of
motions to enforce and enforcement orders. The final order in this case is regular on its face and the
record contains the duly certified official records of the child support enforcement office showing
the arrearage. It does not appear that any of the documents attached to the notice of appeal and
supplemental brief formed part of the record before the court at the hearing. Appellant does not
show that the purported evidence concerning these claimed amounts had not already been considered
and either accepted or rejected in one of the numerous earlier enforcement actions.

 We have reviewed the briefs and record presented and find no reversible error. Tex.
R. App. P. 44.1(a) (judgment reversed only if claimed error probably caused rendition of improper
judgment). Accordingly, we overrule appellant's issues and affirm the district-court judgment.