Opinion issued November 6, 2003







            











In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-01009-CV
____________
 
ANDREW SHELTON, Appellant
 
V.
 
DEE ANN SHELTON, Appellee
 

 
 
On Appeal from the 306th District Court
Galveston County, Texas
Trial Court Cause No. 00FD2937
 

 

MEMORANDUM OPINION
          This is an appeal from the trial court’s final decree granting the parties a
divorce. Following a bench trial, the trial court divorced the parties, divided the
parties’ marital estate, awarded primary joint managing conservatorship over the
parties’ minor child, M. S., to appellee, Dee Ann Shelton (Dee), and imposed child
support obligations on appellant, Andrew Shelton (Andrew).
          In four points of error, Andrew contends that, in its final decree, the trial court
erred in (1) effectively modifying the interest of non-parties, Andrew’s two children
by a previous marriage, by impairing their ability to recover the principal and interest
owed to them under a promissory note executed by the parties; (2) finding that
Andrew owed $4,789.50 in unpaid child support; (3) finding that Andrew should
assume the parties’ federal tax liabilities; and (4) not making specific findings
regarding the parties’ periods of possession of their minor child.
          We affirm in part and reverse and remand in part.
Facts and Procedural Background
          In 1991, the parties were married and, during the course of their marriage, had
one child.


 The parties separated, and Dee filed a petition for divorce in 2000.
          At the bench trial, the parties testified that the assets of the community estate
consisted primarily of their house and its contents, two cars, and the funds in their
joint bank accounts. Dee was employed as a teacher and testified that, at the time of
trial, she earned approximately $32,000 per year. Andrew testified that he owned and
operated an air conditioning contracting business, Moore Climatic, which, in the
years 1996 through 2000, earned $23,828, $40,834, $12,736, $4,619, and $15,896
respectively. Andrew testified that, for tax year 2001, his business showed a loss of
approximately $20,000 and, based on declining business revenue, he planned to close
the company and seek full-time employment at a salary of approximately $24,000 per
year. Andrew also testified that, from 1996 through 2001, he received royalty
payments from his separate mineral interests totaling $18,972, $28,090, $31,953,
$39,741, $52,557, and $96,344 respectively.
          In regard to their debts, the parties testified that, in 1998, a federal income tax
lien totaling $26,858.87 was filed against them.


 The amount of this tax lien, plus any
interest and penalties owed, remained unsatisfied at the time of trial. In addition, the
parties testified that Andrew’s business owed unpaid federal payroll taxes.
          The parties’ testimony and the documents admitted into evidence also
established that, in 1995, part of the down payment for the parties’ residence was
funded through a $25,000 loan made to them from a trust established in the name of
Andrew’s two children from his previous marriage.


 At the time of the loan, the
parties executed a note obligating them to make periodic payments to satisfy the
amount of the principal of the loan, plus interest, within one year. At the time of trial,
it was undisputed that no payments had been made to satisfy the parties’ obligation
on this note, which was secured by a lien on the parties’ residence. The evidence also
established that, as of the time of trial, the parties owed approximately $42,000 on
their mortgage and approximately $12,000 in unpaid property taxes on their
residence, and that their homeowners’ insurance policy had lapsed.
          As noted above, the trial court signed a final decree that granted the parties a
divorce, awarded the parties their respective separate property, and divided the
marital estate’s assets and liabilities. The trial court also appointed the parties joint
managing conservators over the parties’ minor child, awarded Dee the right to
establish the primary residence of the child, and ordered Andrew to pay child support
in the amount of $920.78 per month. With regard to the parties’ rights to individual
periods of possession of their child, the trial court’s decree states simply: “IT IS
ORDERED that possession of the child shall be per the recommendation of Dr. Dru
Copeland.”



Promissory Note
          In his first point of error, Andrew argues that “[t]he trial court erred in
modifying the interests of non-parties, to wit, [Andrew’s two children from a previous
marriage], by impairing interest earned and purporting to limit recourse to [Dee] and
[Andrew], respectively.”
          We note that a trial court exercises wide discretion in making an appropriate
division of the community assets and liabilities on divorce, and its division should not
be disturbed on appeal unless an abuse of discretion is shown. Murff v. Murff, 615
S.W.2d 696, 698 (Tex.1981); Robles v. Robles, 965 S.W.2d 605, 621 (Tex.
App.—Houston [1st Dist.] 1998, pet. denied).
          As part of its final decree, the trial court ordered that Dee must sell the home
and repay $12,500 of the principal owed on the 1995 loan upon the occurrence of any
of the following conditions: (1) the parties’ minor child turns 18 or graduates from
high school; (2) Dee abandons the home; or (3) Dee allows another man “to become
a permanent resident of the home.” The trial court also ordered Andrew to pay the
remaining $12,500 in principal, “plus any accrued interest” owed on the note.
          Andrew argues that these provisions of the trial court’s decree improperly
infringe upon the rights of his two children from his previous marriage to enforce
repayment of the note, which was secured by a lien on the house. Andrew relies on
Broadway Drug Store v. Trowbridge, 435 S.W.2d 268, 269-70 (Tex. Civ.
App.—Houston [14th Dist.] 1968, no writ), for the proposition that, in its division of
the marital estate, a trial court may not prejudice the rights of a third-party creditor. 
As that court noted, “[t]he court in a divorce action has no power to disturb the rights
which creditors lawfully have against the parties.” Id. (quoting Swinford v. Allied
Fin. Co. of Casa View, 424 S.W.2d 298, 301 (Tex. Civ. App.—Dallas 1968, writ
dism’d)).
          We agree that a trial court, in dividing a community estate, may not disturb or
prejudice the rights of a third-party creditor to collect from either of the divorcing
parties on a joint obligation. See, e.g., Blake v. Amoco Fed. Credit Union, 900
S.W.2d 108, 111 (Tex. App.—Houston [14th Dist.] 1995, no writ). However, the trial
court’s decree does not purport to, in any way, affect the rights of Andrew’s two
children from his previous marriage, and it does not implicate the lien on the house
securing the note for their benefit. The children were not parties to this proceeding
nor were they parties to the decree. Rather, the decree merely divides the
responsibility for repayment of the loan as between the parties and affects only their
rights to seek contribution from each other in satisfaction of their joint obligation
under the terms of the note. Accordingly, we hold that the trial court did not abuse
its discretion in dividing the parties’ responsibility for repayment of the 1995 loan as
between them.
          We overrule Andrew’s first point of error.



Child Support
          In his second point of error, Andrew argues that the trial court erred in finding
that Andrew owed $4,789.50 as unpaid child support under the terms of the trial
court’s temporary orders and in ordering him to pay that amount.
          In general, a trial court’s ruling on child support will not be reversed on appeal
unless there is a clear abuse of discretion. Worford v. Stamper, 801 S.W.2d 108, 109
(Tex. 1990); McGuire v. McGuire, 4 S.W.3d 382, 384 (Tex. App.—Houston [1st
Dist.] 1999, no pet.). We review the evidence in the light most favorable to the trial
court’s actions and indulge every legal presumption in favor of the order. McGuire,
4 S.W.3d at 384. There is no abuse of discretion if some probative and substantive
evidence supports the order. Id.
          Andrew does not challenge the amount the trial court ordered him to pay as his
future financial obligation to support the parties’ minor child. Rather, Andrew
contests the sufficiency of the evidence to support the trial court’s finding that he
owed $4,789.50 in unpaid support under the trial court’s pre-trial, temporary orders.
          In an appeal of a judgment rendered after a bench trial, the court’s findings of
fact have the same weight as a jury’s verdict. In re K.R.P., 80 S.W.3d 669, 673 (Tex.
App.—Houston [1st Dist.] 2002, pet. denied). When challenged, a trial court’s
findings of fact are not conclusive if, as in the present case, there is a complete
reporter’s record. Id. We review the sufficiency of the evidence to support the
challenged findings to determine if the trial court abused its discretion in making such
findings. Id.
          Under the terms of the trial court’s temporary orders, Andrew was required to
pay Dee $3,000 per month “for the support of [M.S.] . . . until further order from this
court.” Between the time the trial court signed its temporary orders, in January 2001,
and the time Andrew’s $920.78 monthly child support obligation began under the
final decree, in June 2002, 17 months elapsed. For the period of those 17 months,
under the terms of the trial court’s temporary orders, Andrew was required to pay
$51,000 in child support. In a letter from Andrew’s trial counsel to Dee’s trial
counsel, which was admitted into evidence at trial, Andrew asserted that, through
April 2002, he payed Dee a total of $46,281.87 in support. Andrew does not point
us to any evidence in the record, and we find none, that he paid Dee any amounts in
May 2002 in fulfillment of his support obligation under the trial court’s temporary
orders. The difference between the amount of support Andrew owed under the
temporary orders and the amount Andrew contends he paid is $4,718.13.
          Moreover, there was some disagreement in the testimony of the parties
concerning the total amount of the support payments and whether some of the
payments Andrew argued were made toward his support obligation should have been
properly categorized as gifts.
          Based on the record presented, we conclude that the evidence was sufficient
to support the trial court’s finding that Andrew owed $4,789.50 in unpaid child
support under the court’s temporary orders, and we hold that the trial court did not
abuse its discretion in ordering Andrew to pay Dee that amount.
          We overrule Andrew’s second point of error.
Federal Tax Liability
          In his third point of error, Andrew argues that, in its decree, the trial court erred
in ordering Andrew to indemnify Dee for “[a]ny and all liability to the Internal
Revenue Service which accrued during the term of the marriage.” Andrew argues
that the portion of the decree ordering him to repay the $26,858.87 federal tax lien,
plus any accrued interest and penalties, was an attempt by the trial court to “order the
impossible” and was a “manifestly unfair” division of the community liabilities.
          In a decree of divorce, the trial court “shall order a division of the estate of the
parties in a manner that the court deems just and right, having due regard for the
rights of each party and any children of the marriage.” Tex. Fam. Code Ann. § 7.001
(Vernon 1998). As noted above, a trial court’s division of the community assets and
liabilities is reviewed for abuse of discretion. Murff, 615 S.W.2d at 698; Robles, 965
S.W.2d at 621. In making its “just and right” division of the marital estate, the trial
court may consider many factors, including the parties’ relative earning capacity, the
size of their separate estates, and the nature of the community property being divided. 
Murff, 615 S.W.2d at 699.
          It is well-settled that, although a tax liability is not technically a “debt,” a trial
court may, in a divorce case, take the parties’ tax liability into consideration in its
division of the marital estate, and may even require one party to assume the other’s
tax liability. Mullins v. Mullins, 785 S.W.2d 5, 7-8 (Tex. App.—Fort Worth 1990,
no writ); Able v. Able, 725 S.W.2d 778, 780 (Tex. App.—Houston [14th Dist.] 1987,
writ ref’d n.r.e.). Thus, we hold that the trial court did not abuse its discretion in
assigning Andrew the responsibility for repayment of the parties’ federal tax liability.
          In regard to whether such an assignment was “just and right,” we must examine
the trial court’s overall division of the marital estate. In its division of the parties’
marital assets and liabilities, the trial court awarded Dee the parties’ residence and
ordered her to indemnify Andrew for “[a]ll encumbrances, ad valorem taxes, liens,
assessments, or other charges due or to become due” on the house. At trial, the
evidence was undisputed that the outstanding balance due on the mortgage for the
house was approximately $42,000, that the parties owed unpaid property taxes on the
house totaling approximately $12,000, and that the homeowners’ insurance policy
covering the house had lapsed for non-payment of premiums. By the terms of the
trial court’s decree, these community liabilities became Dee’s responsibility.
          The trial court could have also reasonably based its division of the marital
estate, in part, on the parties’ respective anticipated future incomes. Andrew testified
that he planned to seek employment as an air conditioning repairman at a salary of
approximately $24,000. Dee testified that, as a teacher, she earned approximately
$32,000 per year. Although Andrew’s anticipated future salary was less than Dee’s,
the evidence was undisputed that Andrew also received significant and increasing
annual royalty income from his separate mineral interests.
          Based on the record presented, we hold that the trial court did not abuse its
discretion in ordering Andrew to indemnify Dee for the parties’ federal tax liability.
          We overrule Andrew’s third point of error.
Periods of Possession
          In his fourth point of error, Andrew argues, and Dee agrees, that the trial court
erred in failing to award the parties enforceable periods of possession of their minor
child.
          With regard to the parties’ respective periods of possession, in its decree, the
trial court stated as follows: “IT IS ORDERED that possession of the child shall be
per the recommendation of Dr. Dru Copeland.” As noted above, Dr. Copeland was
a court-appointed psychologist assigned to assist in making a determination
concerning appropriate possession and visitation by the parties.
          The parties did not contest Dr. Copeland’s qualifications to make
recommendations to the trial court in this matter. However, the Family Code requires
that a trial court “shall specify in a standard possession order that the parties may
have possession of the child at times mutually agreed to in advance by the parties and,
in the absence of mutual agreement, shall have possession of the child under the
specified terms set out in the standard order.” Tex. Fam. Code Ann. § 153.311
(Vernon 2002) (emphasis added). The Family Code provides the various, specific
provisions and terms necessary for an enforceable possession order, depending upon
the proximity of the parents to each other. Id. §§ 153.312, 153.313 (Vernon 2002). 
Texas courts have held that, to be enforceable, the terms of a trial court’s order
regarding mutual periods of possession of a child must be specific. Ex parte
MacCallum, 807 S.W.2d 729, 730-31 (Tex. 1991).
          Here, there is no evidence that the parties reached a mutual agreement as to
their periods of possession of their child, and the trial court’s order concerning the
parties’ periods of possession of their minor child is not sufficiently specific to be
enforceable. Accordingly, we hold that the trial court’s failure to include provisions
in the decree awarding the parties specific, enforceable periods of possession of their
minor child constituted an abuse of discretion.



          We sustain Andrew’s fourth point of error.
Conclusion
          We reverse the portion of the trial court’s decree that reads “IT IS ORDERED
that possession of the child shall be per the recommendation of Dr. Dru Copeland,”
and we remand this case to the trial court for it to award the parties specific periods
of possession of the child, in accordance with the provisions of the Family Code.
          We affirm all remaining portions of the trial court’s decree.
 

                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.