Opinion issued July 1, 2004











     



In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00058-CV




DEBRA KAY DAHMANN, Appellant

V.

CARL DAHMANN, Appellee




On Appeal from the County Court at Law
Washington County, Texas
Trial Court Cause No. CCL3389




MEMORANDUM OPINION

          Debra Kay Dahmann, appellant, appeals from an order modifying an agreed
decree of divorce by ordering Carl Dahmann, appellee, to pay child support in the
amount of $54.80 per month. In two points of error, appellant contends that (1) the
evidence was insufficient to rebut the presumption that setting child support in
substantial compliance with the guidelines is in the best interest of the child or to
justify deviating from the guidelines, and (2) the trial court abused its discretion by
incorrectly applying the statutory child support guidelines and failing to set child
support in substantial compliance with the guidelines. We reverse and remand.
BACKGROUND
          Appellant and appellee were divorced by agreed final decree on February 26,
2002. At the time of the divorce, the Dahmanns had three children: son Christopher,
age 18, graduating from high school that May; son Stephen Ray, age 15; and daughter
Kristie Kay, age 9. Christopher and Stephen Ray resided with appellee, while Kristie
Kay resided with appellant. 
          On August 23, 2002, appellant filed a petition to modify the suit affecting the
parent-child relationship, asserting that (1) her circumstances had “materially and
substantially changed” since the rendition of the divorce decree, (2) support payments 
should be ordered paid by appellee; (3) no support payments previously had been
ordered pursuant to the statutory guidelines.


 Appellee answered, contending that no
material or substantial change had occurred in the circumstances of a child or person
affected by the February 26, 2002 decree. After a hearing on appellant’s motion to
modify, the trial court found that a material and substantial change had occurred with
regard to appellant, and that it would be in the best interest of the child, Kristie Kay,
to order appellee to pay $54.80 per month in child support. 
          Subsequently, appellant filed a request for findings of fact and conclusions of
law. The trial court’s findings of fact and conclusions of law are as follows:
FINDINGS OF FACT
 
1.The parties were divorced on February 26, 2002 in Washington
County, Texas by order entitled “Agreed Decree of Divorce” filed
on February 26, 2002. 
 
2. The parties have three children, Christopher Carl Dahmann,
Stephen Ray Dahmann and Kristie Kay Dahmann. Stephen Ray
Dahmann and Kristie Kay Dahmann on February 26, 2002 were
and still are under the age of 18 and are not emancipated.
Christopher Carl Dahmann is over the age of 18 and is not subject
to the jurisdiction of the Court. 
 
3. Pursuant to the decree of divorce, Petitioner has the right to
designate the residence of Kristie Kay Dahmann and Respondent
Carl Dahmann has the right to designate the residence of the
child, Stephen Ray Dahmann. At the time of the entry of the
decree of divorce and at the time of the hearing on October 24,
2002 Carl Dahmann was supporting Christopher Carl Dahmann
and Stephen Ray Dahmann. Debra Kay Dahmann was supporting
the child Kristie Kay Dahmann. At the time of the entry of the
decree of divorce, the parties agreed that there would be no child
support paid to each other. However, the parties agreed and the
decree ordered that Carl Darlmann should at all times provide
medical insurance for the children. 
 
4. The income of Respondent, Carl Dahmann has not substantially
changed from the income he had at the rendition of the decree of
divorce. The Court finds that the gross monthly salary of Carl
Dahmann is $4,576.00. 
 
5. The Court finds that the gross income of Debra Kay Dahmann at
the time of the divorce was $2,522.33 per month. The Court finds
that as of the date of the hearing, that Petitioner’s monthly gross
income is $2,090.00. Therefore, the income of Petitioner has
decreased by 17% from the date of the divorce. 
 
6. The Court finds that the parties based their agreement regarding
child support at the time of the decree, even though the parties
had different earning levels, upon Carl Dahmann assuming
educational expenses for a son beyond secondary school. Based
upon this agreement at the time of the divorce, the party’s
respective net financial positions were considered similar at the
time of the divorce. Therefore, the Court finds that since the
financial position of Debra Kay Dahmann has worsened to the
extent of $432.33 per month, this is to say that Carl Dahmann’s
position with respect to Debra Kay Dahmann is $432.33 per
month greater than Debra Kay Dahmann. Therefore, the Court,
after considering the net resources of Carl Dahmann on the day of
divorce, and the net resources of Carl Dahmann on the date of the
hearing in October, 2002, adjusted for the change in the parties’
position of $432.33 per month, finds that Mr. Dahmann has $270.45 greater net resources than the Petitioner. Applying a
percentage of 20% to this difference in financial position, the
Court finds that child support in the amount of $54.08 should be
paid to Mrs. Dahmann. 
 
CONCLUSIONS OF LAW 
 
1.The Court finds that there has been a material and substantial change of the circumstances of the Petitioner, Debra Kay
Dahmann due to the 17% reduction in her income. 
 
2. It is in the best interest of the child, Kristie Kay Dahmann that
Carl Dahmann pays child support in the amount of $54.08 to
Petitioner, Debra Kay Dahmann. 

At the request of appellee, the trial court subsequently made the following additional
findings of fact and conclusions of law:
FINDINGS OF FACT :
 
7. At the time of the entry of the Decree of Divorce and at the time
of the hearing on October 24, 2002, Christopher Carl Dahmann
and Stephen Ray Dahmann resided with Carl Dahmann. Carl
Dahmann, at the time of the hearing on October 24, 2002, was
contributing to the expenses for his son, Christopher Carl
Dahmann, for education beyond secondary school. 
 
8. Carl Dahmann is providing medical insurance for all of the three
(3) children, Christopher Carl Dahmann, Stephen Ray Dahmann,
and Kristie Kay Dahmann. 
 
9. At the time of the entry of divorce, Debra Kay Dahmann was
employed by the Burton Independent School District receiving a
monthly gross pay of $2,159.17. 

          CONCLUSIONS OF LAW:
 
3. A strict application of the child support guidelines would be
unjust or inappropriate when considering the evidence of all
relevant factors. 

DISCUSSION
Standard of Review
          In general, a trial court’s ruling on child support will not be reversed on appeal
unless there is a clear abuse of discretion. Worford v. Stamper, 801 S.W.2d 108, 109
(Tex. 1990); McGuire v. McGuire, 4 S.W.3d 382, 384 (Tex. App.—Houston [1st
Dist.] 1999, no pet.). The test is whether the trial court acted arbitrarily,
unreasonably, or without reference to guiding rules or principles. McGuire, 4 S.W.3d
at 384. The reviewing court must review the evidence in the light most favorable to
the trial court’s actions and indulge every legal presumption in favor of the order. Id. 
There is no abuse of discretion if some probative and substantive evidence supports
the order. Id. 
Sufficiency of the Evidence 
          In her first point of error, appellant contends that the evidence is insufficient
to rebut the presumption that setting child support in substantial compliance with the
guidelines is in the best interest of the child or to justify deviating from the
guidelines. However, under an abuse of discretion standard, legal and factual
insufficiency are not independent, reversible grounds of error; rather, they are
relevant factors in assessing whether the trial court abused its discretion. McGuire,
4 S.W.3d at 387 n.2; Nordstrom v. Nordstrom, 965 S.W.2d 575, 578 (Tex. App.
–Houston [1st Dist.] 1997, pet. denied); Mai v. Mai, 853 S.W.2d 615, 618 (Tex.
App.—Houston [1st Dist.] 1993, no writ). Therefore, we consider the sufficiency of
the evidence supporting the trial court’s findings, using the appropriate standard of
review. See Nordstrom, 965 S.W.2d at 578. 
          In an appeal of a judgment rendered after a bench trial, the court’s findings of
fact have the same weight as a jury’s verdict. In re K.R.P., 80 S.W.3d 669, 673 (Tex.
App.—Houston [1st Dist.] 2002, pet. denied). When challenged, however, a trial
court’s findings of fact are not determinative unless they are supported by the record. 
Id. We review the sufficiency of the evidence supporting the challenged findings to
determine whether the trial court abused its discretion in making such findings. Id. 
          Our review of a legal sufficiency point requires us to consider only the
evidence and inferences that tend to support the finding, disregarding all evidence
and inferences to the contrary. Vannerson v. Vannerson, 857 S.W.2d 659, 666 (Tex.
App.—Houston [1st Dist.] 1993, writ denied). If there is any evidence of probative
force to support the finding, i.e., more than a mere scintilla, we will overrule the
issue. Id. 
1.       Finding of Fact No. 6
          Appellant complains about finding of fact number 6, wherein the trial court
justified child support in the amount of $54.08 a month on the assumption that “the
parties based their agreement regarding child support at the time of the decree, even
though the parties had different earning levels, upon [appellee] assuming educational
expenses for a son beyond secondary school [and that, b]ased upon this agreement at
the time of the divorce, the party’s [sic] respective net financial positions were
considered similar at the time of the divorce.” Appellant charges that the trial court
developed this assumption at the modification hearing as evidenced by the following
remarks: 
The idea that I read from the [February 26, 2002] decree that was
negotiated between the parties that says on the child support that there’s
no child support being ordered because [appellee] is supporting the
children Christopher and Stephen, and that [appellant] is supporting the
child Kristie Dahmann. Therefore–and I find it hard to believe that the
parties didn’t–weren’t thinking that the child [Christopher, aged 18 on
February 26, 2002, and to graduate high school in May 2002] was going
to graduate in just a few more months so I’m sure people were thinking
about college at the time. 

Appellant asserts that nowhere in the divorce decree or the record is there evidence
that the parties intended or agreed that appellee would pay college expenses for the
oldest child. Nor, appellant asserts, is there any evidence that child support would not
be paid because the parties intended or agreed for appellee to pay college expenses
for any of the children. Thus, appellant contends, because there is neither evidence
nor reasonable inferences from the evidence sufficient to support the trial court’s
deviation from the guidelines in setting the amount of child support obligation, the
court abused its discretion by doing so. We agree.
          a.       The Evidence
          With respect to child support, the decree provided that appellant, as possessory
conservator of Kristie Kay, and appellee, as possessory conservator of Stephen Ray,
had the exclusive right to “receive and give receipt for periodic payments for the
support of the child.” Further, the decree provided:
The Court finds that Carl Dahmann is supporting the children
Christopher Carl Dahmann and Stephen Ray Dahmann; and that Debra
Kay Dahmann is supporting the child Kristie Kay Dahmann. At the
request and the agreement of the parties, this Court makes no further
order for child support.




A review of the decree reveals no evidence of any agreement between the parties that
appellee would assume educational expenses for any child of the marriage beyond
secondary school. Nor is there evidence of any agreement between the parties to
consider their respective net financial positions as “similar” at the time of the divorce. 
          In testimony at the hearing on appellant’s motion, both appellant and appellee
testified that (1) Christopher, then age 18, resided with appellee, (2) Christopher was
attending college, and (3) appellee was assisting Christopher with tuition expenses.



Appellant acknowledged that, although Christopher had reached the age of 18 and
had graduated from high school, both she and appellee had “responsibilities for him
[Christopher].” However, neither party testified as to the existence of any agreement
between the parties for appellee to assume educational expenses for any child of the
marriage beyond secondary school. Nor did either party testify as to the existence of
any agreement between the parties to consider their respective net financial positions
as “similar” at the time of the divorce. 
          After reviewing the evidence in support of the trial court’s finding of fact
number 6, disregarding all evidence and inferences to the contrary, we conclude that
the evidence was legally insufficient to support the trial court’s findings that (1) the
parties based their agreement regarding child support upon an agreement for appellee
to assume educational expenses for a son beyond secondary school, and (2) the
parties considered their respective net financial positions to be “similar” at the time
of the divorce. See Vannerson, 857 S.W.2d at 666. Thus, we hold that the trial court
abused its discretion in making such findings. See In re K.R.P., 80 S.W.3d at 673. 
Accordingly, we sustain appellant’s first point of error. 
The Trial Court’s Application of the Statutory Child Support Guidelines
          In her second point of error, appellant contends that the trial court abused its
discretion by incorrectly applying the statutory child support guidelines and failing
to set child support in substantial compliance with the guidelines.


 We agree.
          A review of finding of fact number 6 reveals that the trial court’s calculation
of appellee’s child support obligation is based squarely upon its unsupported
speculation regarding the existence of an agreement between the parties that appellee
would assume educational expenses for a son beyond secondary school, and that the
parties considered their respective net financial positions to be “similar” at the time
of the divorce.


 Because no probative or substantive evidence supports the
assumptions upon which the trial court’s calculations are based, we hold that the trial
court abused its discretion. See McGuire, 4 S.W.3d at 384 (no abuse of discretion if
some probative and substantive evidence supports the order). Accordingly, we
sustain appellant’s second point of error.
CONCLUSION
          We reverse the order of modification of support and remand the cause for
further proceedings consistent with this opinion. 
 
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.