Affirmed
as Modified; Opinion of May 18, 2004 Withdrawn and Substituted Opinion filed
July 15, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00057-CV

____________

 

ROY AUGUST NEWBERRY, Appellant

 

V.

 

APRIL BOHN-NEWBERRY, Appellee

 



 

On Appeal from the 311th
District Court

Harris  County, Texas

Trial Court Cause No. 02-09489

 



 

S U B S T I T U T E D   O P I N I
O N

By this restricted appeal, Roy August Newberry challenges a
default judgment granting a Final Decree of Divorce.  In four points of error, appellant contends
the trial court erred in its award of child support and division of
property.  We modify the judgment of the
trial court and affirm as modified.  

Procedural Background








Appellee filed for divorce on February 26, 2002, and served
appellant with citation on or before April 10, 2002.  After appellant failed to respond or appear
at trial, the trial court rendered the Final Decree of Divorce on July 12,
2002.  Appellant filed an  answer five days later on July 17, 2002, and
also filed an untimely motion for new trial on August 14, 2002.  The motion for new trial, filed more than
thirty days after the Final Decree was signed, was never ruled on by the trial
court.  Appellant did, however, timely
file this restricted appeal challenging the trial court=s order of child
support and division of property.  

Discussion

A direct attack on a judgment by restricted appeal must:
(1) be brought within six months after the trial court signed the judgment; (2)
by a party to the suit; (3) who did not participate in the hearing that
resulted in the judgment made the subject of the complaint; (4) who did not
file a post-judgment motion, request findings of fact and conclusions of law,
or other notice of appeal; and (5) the error complained of must be apparent
from the face of the record.  Tex. R. App. P. 30; Conseco Fin.
Servicing Corp. v. Klein Indep. Sch. Dist., 78 S.W.3d 666, 670 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  The face of the
record consists of all the papers on file in the appeal, including the reporter=s record.  Osteen v. Osteen, 38 S.W.3d 809, 813
(Tex. App.CHouston [14th Dist.] 2001, no pet.).  The only dispute between the parties on
appeal is whether there is error on the face of the record.  Thus, we will review the record to determine
whether the trial court erred in its determination of the amount of child
support to be paid by appellant and in its division of the equity in the house
owned by the parties.

I.        Child
Support








In his first three issues, appellant contends the trial
court=s award of child
support is not supported by legally and/or factually sufficient evidence, and
the trial court failed to properly consider applicable provisions of the Family
Code.  We review a trial court=s determination of
child support under an abuse of discretion standard.  Evans v. Evans, 14 S.W.3d 343, 345B46 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).  A trial court
abuses its discretion when it acts arbitrarily, unreasonably, or without
reference to any guiding rules or principles. 
Deltuva v. Deltuva, 113 S.W.3d 882, 886 (Tex. App.CDallas 2003, no
pet.).  Legal and factual sufficiency
challenges are not independent grounds of error; rather, they are relevant
factors in assessing whether the trial court abused its discretion.  Zieba v. Martin, 928 S.W.2d 782, 786
(Tex. App.CHouston [14th Dist.] 1996, no writ).  When appellant alleges the trial court abused
its discretion because the evidence was insufficient, this court employs a two
prong test: first, we must ask whether the trial court had sufficient
information on which to exercise its discretion; and second, we determine
whether the trial court abused its discretion by causing the child support
order to be manifestly unjust or unfair. 
Evans, 14 S.W.3d at 346; Sandone v. Miller-Sandone, 116
S.W.3d 204, 206 (Tex. App.CEl Paso 2003, no
pet.).  The trial court does not abuse
its discretion, however, when its decision is based on conflicting evidence or
where some evidence of a probative and substantive character exists to support
the child support order.  Zieba,
928 S.W.2d at 787.  We view the evidence
in the light most favorable to the trial court=s decision, and
indulge every reasonable presumption in favor of the trial court=s judgment.  McGuire v. McGuire, 4 S.W.3d 382, 384
(Tex. App.CHouston [1st Dist.] 1999, no pet.).   

Appellee and
appellant had two children during the marriage, and appellee requested to be
appointed joint managing conservator with the right to determine domicile of
the children.  Additionally, appellee=s testimony was
the only evidence of appellant=s income.  Appellee testified as follows:

Q: Is it fair to
say your husband makes $150,000 a year?

A: Yes.

Q: You are asking
for [$]1500 in child support pursuant to [the] Guidelines?

A: Yes.








Based on this uncontroverted testimony, the trial court
ordered appellant to pay $1,500 per month in child support payments for both
children.  Pursuant to the Final Decree
of Divorce, appellant is also required to continue payments of $1,500 per month
when only one child qualifies for support. 
Appellant specifically challenges the trial court=s determination of
child support on three grounds: (1) the trial court erred in failing to
ascertain appellant=s net resources according to Texas Family
Code ' 154.062; (2) if
the trial court considered the permissible deductions allowed for determining
net resources for a self-employed individual, then the trial court had
insufficient evidence to make those determinations; and (3) the Final Decree
does not comport with the suggested guidelines provided by the Family Code
because the amount due for child support does not decrease when the number of
children requiring support decreases, and the trial court failed to provide
specific findings of fact which justify deviating from the guidelines. 

Texas Family Code ' 154.062 instructs
the trial court to calculate net resources for the purpose of determining child
support liability.  Tex. Fam. Code Ann. ' 154.062 (Vernon
2002).  There must be some evidence of a
substantive and probative character of net resources in order for this duty to
be discharged.  Id.; Zieba,
928 S.W.2d at 787.  Here, the trial court
heard uncontroverted evidence that appellant earns $150,000 a year; thus, there
is some evidence to support the trial court=s implied finding
that appellant earns more than $6,000 per month.  Under the 2002 net income calculation charts
found in Texas Family Code ' 154.061,
appellant has a net monthly income of $8,381.49.  Tex.
Fam. Code Ann. ' 154.061 (Vernon 2002).  The Family Code provides that when the obligor=s net resources
exceed $6,000 per month, the court is to apply the presumptive percentage
guidelines set forth in ' 154.125 to the first $6,000.  Id. at ' 154.126 (Vernon
2002).  The trial court Amay order
additional amounts of child support as appropriate, depending on the income of
the parties and the proven needs of the child.@  Id. 
         








Section 154.125 provides that child support should equal
twenty-five percent of the obligor=s net resources
when there are two children and twenty percent when there is only one
child.  Id. at ' 154.125 (Vernon
2002).  An order that conforms to the
guidelines is presumed to be reasonable and in the best interest of the
child.  Id. at ' 154.122 (Vernon
2002).  Here, no evidence was presented
during trial to show the needs of the children required support above and
beyond the presumptive percentage guidelines. 
Therefore, the trial court did not abuse its discretion in determining,
pursuant to the child support guidelines, that appellant with net monthly
resources of over $6,000 and two children to support, should pay twenty-five
percent of $6,000, or $1,500 per month. 
Because there is some evidence of a substantive and probative character
to support the trial court=s decision to
order appellant to pay $1,500 per month in child support for two children,
appellant has failed to show error on the face of the record.

Appellant also alleges that if the trial court considered
the self-employment deductions permitted by ' 154.065(b), there
was insufficient evidence for the trial court to ascertain the amount of such
deductions.  Section 154.065(b) provides:
AIn its discretion,
the court may exclude from self-employment income amounts allowable
under federal income tax law as depreciation, tax credits, or any other business
expense shown by the evidence to be inappropriate in making the
determination of income available for the purpose of calculating child support.@  Tex.
Fam. Code Ann. ' 154.065(b) (Vernon 2002) (emphasis
added).  The trial court may
consider the additional deductions if evidence is presented during
trial.  Here, appellant=s argument fails
because no evidence was presented to the trial court that would have allowed
the trial court to exercise its discretion to consider such evidence.  Accordingly, the record does not reflect any
error.  

Appellant also argues the trial court erred in failing to
provide a decrease in child support payments as set forth in the guidelines, or
alternatively, failed to detail specific findings of fact to support a
deviation from the guidelines.  The Final
Decree provides that appellant is required to pay $1,500 per month for child
support regardless of whether he is obligated to support one child or two.  Appellee confessed error and filed a
voluntary remittitur with this court seeking reformation of the trial court=s judgment so that
it falls within the Family Code guidelines. 
Specifically, appellee requested reformation of the trial court=s judgment to
reflect payments by appellant of $1,200 per month in the event only one
dependent child remains.








We hold the trial court abused its discretion by requiring
appellant to pay an amount of child support not in accordance with the
guidelines and without making any specific factual findings to support the
excessive amount.  Thus, according to the
guidelines, requiring appellant to pay more than $1,200 per month for one
dependent child is excessive.  See
Tex. Fam. Code Ann. '' 154.125,
.126.  Based on the error in the record,
and because appellee has filed a remittitur of $300 per month in the event only
one dependent child remains, we will reform the judgment accordingly.  See Blazek v. Blazek, 669 S.W.2d 347,
348B49 (Tex. App.CHouston [14th
Dist.] 1984, no writ); Fleming v. Fleming, 595 S.W.2d 199, 202 (Tex.
App.CWaco 1980, writ
dism=d).     

II.       Property
Division

In his fourth issue, appellant alleges the trial court
abused its discretion in dividing the marital home, claiming there was no
evidence or insufficient evidence to show the value of the property.  We review a trial court=s division of
property under an abuse of discretion standard. 
Evans, 14 S.W.3d at 345B46.  We will apply the same two-prong test as
previously stated to determine whether the trial court abused its
discretion.  Sandone v. Miller-Sandone,
116 S.W.3d 204, 206 (Tex. App.CEl Paso 2003, no
pet.).  Thus, we must first ask whether
the trial court had sufficient information upon which to exercise its
discretion.  Evans, 14 S.W.3d at
346.  Second, we determine whether the
trial court abused its discretion by causing the division of property to be
manifestly unjust or unfair.  Id.  The trial court does not abuse its discretion
when some evidence of a probative and substantive character exists to support
the division.  Zieba, 928 S.W.2d
at 787.  We view the evidence in
the light most favorable to the trial court=s decision and
indulge every reasonable presumption in favor of the trial court=s judgment.  Id. at 791. 

Appellee presented
the only evidence at trial concerning the equity in the marital home, which was
as follows:

Q: And what is
your estimation of the amount of equity you have built up in       this house? 








A: It=s over
[$]100,000.  

Q: And are you
asking the court for $50,000 of that?

A: Yes.  

Here, the uncontroverted evidence established only one
value of the equity in the house, and the trial court awarded appellee $50,000,
representing one-half of that value. 
When there is some evidence of a substantive and probative character to
support the trial court=s decision, there is no abuse of discretion.  Zieba, 928 S.W.2d at 787.  Here, there was some evidence of a
substantive and probative character establishing the value of the equity on the
date of divorce equaled $100,000. 
Further, appellant has not alleged the division of the equity in the home
was unjust and unfair so as to constitute an abuse of discretion.  See id. at 790.  Thus, we find the trial court did not abuse
its discretion in awarding appellee one-half of the equity in the marital home,
and no error is shown.

Conclusion

We modify the judgment of the trial court and order
appellant=s payment of $1,500 per month for support
of two children reduced to $1,200 per month on the occurrence of one of the
events specified in the Final Decree of Divorce that relieves appellant of the
obligation to support two children, but still requires the support of one
child.  We affirm the judgment as
modified.  

 

 

_______________________

John S.
Anderson

Justice

 

Judgment rendered and Substituted
Opinion filed July 15, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.