**Gary Dean SULLIVAN, Appellant,**

**v.**

**DEGUERIN, DICKSON & SZEKELY, Appellee.**

**No. 01–89–00081–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 22, 1990.

Gordon E. White, Houston, for appellant.

David N. Gray, Houston, for appellee.

Before EVANS, C.J., and DUNN and MIRABAL, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from a summary judgment in favor of the defendant, Deguerin, Dickson & Szekely ("the Deguerin law firm").

Appellant, Gary Dean Sullivan, filed a motion to modify visitation rights against his former spouse, Cynthia Kay Sullivan, who was represented in that case by appellee, the Deguerin law firm. After a nonjury trial, the trial court entered an order, dated May 22, 1984, in favor of appellant modifying his visitation rights, but the court also entered judgment against appellant in favor of the Deguerin law firm in the amount of $7,500.00, as attorneys' fees.

Appellant's former wife appealed only the change in visitation portion of the order to the Fourteenth Court of Appeals. Appellant did not appeal the attorney fee portion of the order. During the pendency of the former wife's appeal, the Deguerin law firm filed an abstract of its $7,500.00 judg-

ment in the real property records of Harris County, Texas. On January 7, 1985, appellant paid off the $7,500.00 judgment, and the Deguerin law firm signed a release evidencing that the judgment was fully paid and satisfied. Thereafter, on March 21, 1985, the Fourteenth Court of Appeals "reversed and remanded this cause for trial" on the ground that the trial court had erred in refusing the former wife's request for a jury trial on the modification of the visitation rights issue. The appellate court's opinion and order did not mention the trial court's judgment regarding attorneys' fees.

On remand, appellant's former wife retained different counsel, and an agreed judgment was negotiated and entered modifying appellant's visitation rights. The agreed judgment, dated May 5, 1986, contains no provision regarding attorneys' fees. The Deguerin law firm did not participate in the negotiations leading up to the agreed judgment.

On January 29, 1987, appellant initiated the present suit against the Deguerin law firm to recover the $7,500.00 he had previously paid. Both parties filed motions for summary judgment. Noting that appellant received notice of the hearing but failed to appear either personally or by counsel, the trial court granted the Deguerin law firm's motion and ordered that appellant take nothing by his suit.

In point of error one, appellant asserts that the trial court erred in granting summary judgment for the Deguerin law firm because, when the Fourteenth Court of Appeals reversed the order modifying the divorce decree, it effectively reversed the award of attorneys' fees too. Thus, appellant argues he is entitled to a return of his $7,500.00 as a matter of law.

In their motion for summary judgment, the Deguerin law firm contended that, because appellant did not appeal the $7,500.00 judgment, and later paid and satisfied the full amount of that judgment, the trial court correctly found that the $7,500.00 judgment was a final judgment not affect-

ed by the decision of the Fourteenth Court of Appeals. We agree.

The family court's May 22, 1984 "Order Modifying Divorce Decree" states in part:

[It is] ORDERED, ADJUDGED AND DECREED by this Court that the law firm of DeGuerin, Dickson & Szekely, does have and recover judgment of and from GARY DEAN SULLIVAN in the sum of SEVEN THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($7,500.00), which the Court finds to be a fair and reasonable attorneys' fee which was reasonably and necessarily incurred incident to the defense and prosecution of this matter and was in the best interest of the minor child of the parties, plus interest at the highest legal rate from the date of the signing of this Order until paid, and for which let execution issue.

In modification suits, the trial court is authorized to award attorneys' fees against the successful party because the fees are incurred in order to establish the best interest of the child. *Billeaud v. Billeaud*, 697 S.W.2d 652, 655 (Tex.App.—Houston [1st Dist.] 1985, no writ). The attorneys' fees can properly be "ordered paid directly to the attorney, who may enforce the order for fees in his [sic] own name." Tex.Fam. Code Ann. sec. 11.18(a) (Vernon 1986).

Section 11.18(a) is consistent with the common law rule allowing attorneys' fees as necessaries for the child in a modification case. *Drexel v. McCutcheon*, 604 S.W.2d 430, 433–34 (Tex.Civ.App.—Waco 1980, no writ). The rationale for the common law rule was stated by Chief Justice Bell of this Court in *Schwartz v. Jacob*, 394 S.W.2d 15 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e):

We hold that under such circumstances (a modification suit brought by non-custodial father), the parties-defendant, though not the formally named ones, were the children and the furnishing of counsel was the furnishing of necessaries to the minor children. The allowance of the fee is not to the divorced wife for services rendered her, but for servic-es rendered by the attorneys, at the instance of the mother, to the children.

\*   \*   \*   \*   \*   \*

We are aware that recovery is to be had by the person furnishing the necessaries. In the posture of the pleading and judgment here we think recovery was had by the attorneys. The pleading for attorney's fees showed it was for services rendered by the attorneys for the minors' welfare. The attorneys were not formally named as parties to the suit but they were named as the parties rendering the services. Under such circumstances, the recovery is for the attorneys and they are bound by the judgment. They signed the pleadings. They participated in the trial. The judgment ordered payment of attorney's fees to counsel by appellant. It is evident that the fee was for services in protecting the interest of the minors at the instance of the mother, and recovery was sought for the attorneys.

394 S.W.2d at 20–21.

We note that an award of attorneys' fees is an issue severable from the remainder of a judgment in a suit affecting the parent-child relationship. *Drexel v. McCutcheon*, 604 S.W.2d at 435. We hold that the issue of the $7,500.00 attorneys' fees award to the Deguerin law firm was severable from the issue of visitation modification, and since there was no appeal from the award of the attorneys' fees, such judgment became final; the reversal of the visitation modification issue had no effect on the finality or enforceability of the attorneys' fees judgment. *See Gordon v. Blackmon*, 675 S.W.2d 790, 794 (Tex.App.—Corpus Christi 1984, no writ) (appeal complaining only about property division portion of divorce decree [with no complaint asserted about the marriage dissolution portion] did not affect the finality of the divorce decree with regard to marriage dissolution, because the division of property issue is separable from the marital status issue).

We overrule appellant's point of error one. In view of our disposition of point of error one, it is not necessary for us to address appellant's point of error two, which attacks the validity of another, inde-

pendent ground asserted by the Deguerin law firm as supporting its entitlement to summary judgment, being the argument that the two year statute of limitations barred appellant's action as a matter of law.

The trial court's summary judgment is affirmed.