**George Rice FARISH, Appellant,**

v.

**Charlene K. FARISH, Appellee.**

**No. 01–96–00840–CV**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 3, 1998.

Shawn Casey, Houston, for Appellant.

J. D. Bucky Allshouse, Houston, for Appellee.

Before Justices WILSON, TAFT, and NUCHIA.

## OPINION

TIM TAFT, Justice.

George and Charlene Farish were married on July 21, 1989, separated on December 27, 1993, and divorced on May 20, 1996.[1] George filed a limited appeal contesting the trial court's division of property and award of attorney's fees. We address whether the trial court properly characterized certain property as either appellant's separate property or property of the community estate and whether the community estate has a claim for reimbursement for child support payments and attorney's fees paid by appellant to the wife and daughter of a former marriage. We reverse and remand.

### Reimbursement for Child Support Payments and Related Attorney's Fees

In point of error seven, George contends the trial court erred in granting a right of reimbursement to the community estate for funds he expended to satisfy his court-ordered support obligations to the children of his previous marriage. The trial court determined that the community estate had a claim for reimbursement from George's separate estate in the amount of $429,750 as a result of payments for child support, tuition, health insurance, and health care. Although the trial court did not order reimbursement of this amount, it factored in the claim when it divided the community estate.

We note that three of our sister courts have addressed whether the trial court abused its discretion in denying the community estate a claim for reimbursement for child support payments made for the benefit of a child of a former marriage. *Butler v. Butler*, 975 S.W.2d 765 (Tex.App.—Corpus Christi 1998, no pet. h.); *Hunt v. Hunt*, 952 S.W.2d 564 (Tex.App.—Eastland 1997, no writ); *Pelzig v. Berkebile*, 931 S.W.2d 398 (Tex.App.—Corpus Christi 1996, no writ); *Zieba v. Martin*, 928 S.W.2d 782 (Tex.App.—Houston [14th Dist.] 1996, no writ).

In *Pelzig*, the wife characterized monies spent on mortgage payments, alimony, child support, her husband's daughter's college expenses, and legal fees from her husband's first divorce as "relieving the duties of [his] separate estate." 931 S.W.2d at 400. The husband characterized the payments as "living expenses," for which no reimbursement should be allowed. *Id.*

The Corpus Christi court noted that the child support, college expenses, and alimony payments were legal obligations the husband brought with him into the marriage. *Id.* The court held that the trial court did not abuse its discretion in denying reimbursement. *Id.* The court focused on the lack of evidence that (1) the wife was deceived about these obligations; (2) she ever sought to require her husband to meet these obligations out of his separate estate, either during their marriage or in the form of a prenuptial agreement; or (3) these expenses benefitted the husband's separate estate. *Id.* The court also emphasized the lack of deception by the husband or objection by the wife regarding her husband's payment of the attorney's fees, even though these fees were not court-ordered. *Id.*

In *Butler*, the husband (Stan) challenged the trial court's award of $30,000 to his wife (Connie) for his expenditure of funds on his daughter born to another woman during his marriage to Connie. Stan argued that, because his obligation to provide child support was a debt acquired during his marriage to Connie and it was a "living expense," the child support was a community obligation with no right of reimbursement.

---

1. George and Charlene have two children, and George has three children from a previous marriage. George's prior marriage ended in divorce in November 1987.

Relying on its decision in *Pelzig*, the Corpus Christi court rejected Stan's living expenses argument and held as follows: "the exception for living expenses only applies to the living expenses of the marital estate, for which each spouse is obligated to provide, even from separate property if necessary." *Butler*, 975 S.W.2d at 769. The court stated that it found no support for Stan's contention that the living expenses of a child born outside the marriage were exempt from reimbursement under the same living expenses obligation that a spouse has toward the marital family. *Id.*

The appellate court next considered Stan's argument that his child support obligations were a community debt. The court noted that, because Connie's net resources were excluded from consideration in setting Stan's child support obligation, the child's mother was restricted to looking only to Stan for satisfaction of his obligation. *Id.* (citing TEX. FAM.CODE ANN. § 154.069(a) (Vernon 1996)).

Finally, the court addressed Stan's assertion that the court's decision in *Pelzig* prohibited reimbursement to the community for funds spent to meet the child support obligations of one spouse. The court distinguished its prior holding by noting that, in *Pelzig*, the husband had a pre-existing child support obligation before he married his second wife, his second wife knew about the obligation, and she did not try to prevent her husband from satisfying the obligation with community funds. *Butler*, 975 S.W.2d at 769. By contrast, Stan's child support obligation came into existence only after the marriage, he hid the child's existence from Connie, and he paid the child support obligation with community funds without Connie's knowledge. *Id.* The appeals court affirmed the trial court's award of reimbursement to the community.

In *Zieba*, the wife argued that the trial court abused its discretion in refusing to reimburse the community for funds spent by her husband for child support payments, college expenses, medical expenses, settlement payments to her husband's ex-wife, and attorney's fees. The wife asserted that her husband did not properly account for any of these funds. 928 S.W.2d at 789. The appeals court noted that a presumption of constructive fraud arises when one spouse disposes of the other spouse's one-half interest in community property without the other's knowledge or consent. *Id.* The trial court had determined that, although the husband owed a fiduciary duty to his current wife and the community estate, he did not breach that duty by not properly accounting for the withdrawal of, wasting of, or spending of community funds without his wife's knowledge or consent. *Id.* at 789–90. Observing that the husband's obligations were court-imposed, the appeals court held that the trial court did not abuse its discretion in denying reimbursement. *Id.* at 790.

In *Hunt*, the wife asserted the trial court erred in refusing to reimburse the community estate for child support payments made by her husband. 952 S.W.2d at 568. The wife also complained that the trial court erred in not granting reimbursement for community funds expended to make contractual alimony payments to her husband's former wife. The Eastland court noted that the payments were court-ordered and that the wife also had a child from a previous marriage who lived with her and on whom community funds were spent. *Id.* Without further discussion, and relying on both *Pelzig* and *Zieba*, the Eastland court found no abuse of discretion. *Id.*

Here, the issue is whether the trial court abused its discretion in *granting*, rather than denying, the community estate's right of reimbursement for funds expended to satisfy child support payments. Nevertheless, we believe our result is consistent with those of our sister courts and, as explained below, we distinguish our holding from that in *Butler*.

"The right of reimbursement is not an interest in property or an enforceable debt, per se, but an equitable right which arises upon dissolution of the marriage through death, divorce or annulment." *Vallone v. Vallone*, 644 S.W.2d 455, 458–59 (Tex.1982); *cf. Heggen v. Pemelton*, 836 S.W.2d 145, 148 (Tex.1992) (holding reimbursement is an economic interest possessed by a spouse who has contributed to the improvement of property awarded to the other spouse). Reimbursement is a claim for money. *Burton v.*

*Bell,* 380 S.W.2d 561, 564 (Tex.1964); *Connell v. Connell,* 889 S.W.2d 534, 540 (Tex.App.— San Antonio 1994, writ denied).

■■■ The purpose of child support [2] is to help a custodial parent maintain an adequate standard of living for the child. *Williams v. Patton,* 821 S.W.2d 141, 145 (Tex.1991). A claim for child support is closely analogous to a claim for debt, in that it seeks a personal judgment establishing a direct obligation to pay money. *In re S.A.V. and K.E.V.,* 837 S.W.2d 80, 83 (Tex.1992); *Flores v. Melo–Palacios,* 921 S.W.2d 399, 404 (Tex.App.— Corpus Christi 1996, writ denied). However, the Texas Supreme Court has distinguished between familial obligations and traditional, third-party debts: "The obligation which the law imposes on spouses to support one another and on parents to support their children is not considered a 'debt' within Article I, section 18 [of the Texas Constitution], but a legal duty arising out of the status of the parties." *Ex parte Hall,* 854 S.W.2d 656, 658 (Tex.1993) (citations omitted). Further, the duty to support the minor child is not limited to a parent's ability to pay from current earnings, but extends to his or her financial ability to pay from any and all sources that might be available. *Giangrosso v. Crosley,* 840 S.W.2d 765, 769 (Tex.App.—Houston [1st Dist.] 1992, no writ).

In *Williams,* in his concurring opinion, Justice Cornyn reiterated the Court's position regarding child support obligations: "The obligation to support one's child is not, legally or morally, just another creditor-debtor relationship. Nor is it simply a matter to be negotiated between ex-spouses. It is for the benefit of the child, whose right to adequate financial support from *both* parents is too often overlooked in the hostilities associated with divorce and its aftermath." 821 S.W.2d at 148 (Cornyn, J., concurring). In the *Williams* majority opinion, Justice Cook stated as follows:

Characterizing arrearages as nothing more than a "debt" owed to the custodial parent ignores the reality that the child is frequently the one who has been harmed by nonpayment and it is the child's interests which are ultimately sought to be protected.... Although the extent to which a child presently benefits from the payment of arrearages varies from case to case, past due child support is still more properly characterized as an unfulfilled duty to the child than a "debt" to the custodial parent.

*Williams,* 821 S.W.2d at 145; *see also R.W. v. Texas Dept. of Protective & Regulatory Serv.,* 944 S.W.2d 437, 440 (Tex.App.— Houston [14th Dist.] 1997, no writ) (holding duty to support one's minor children exists regardless of whether a parent has been ordered to pay child support); *Creavin v. Moloney,* 773 S.W.2d 698, 703 (Tex.App.—Corpus Christi 1989, writ denied) ("This duty [to support one's minor child] is imposed at the birth of the child, and is not altered merely because the parents subsequently get divorced.").

■■■ Because Texas has traditionally characterized child support as a duty, rather than as a debt, the obligation to pay child support should not be treated the same as a premarital debt or capital improvements to separate property for the purpose of reimbursement. Instead, we believe that child support should be characterized as providing for a child's living expenses. *See generally* TEX. FAM. CODE ANN. § 151.003(a)(3) (Vernon 1996).

■■■ We recognize that ordinarily it is the separate estate seeking reimbursement from the community estate for the payment of living expenses. As a general rule, when separate funds are expended toward the living expenses of the community, there is no future right of reimbursement for the expended funds. *See Norris v. Vaughan,* 152 Tex. 491, 260 S.W.2d 676, 683 (Tex.1953); *Butler,* 975 S.W.2d at 769; *Trevino v. Trevi-*

---

**2.** To be properly characterized as "child support," a payment should be related to the care and welfare of the child. *Ex parte Davila,* 709 S.W.2d 15, 18 (Tex.App.—Corpus Christi 1986, no writ). The duty to support a child includes, but is not limited to, providing the child with clothing, food, shelter, medical and dental care, and education. TEX. FAM.CODE ANN. § 151.003(a)(3) (Vernon 1996). Because providing for a child's education and medical care are within the statutory definition of child support, we include court-ordered payments for such needs within the definition of "child support" for the purpose of our holding.

*no*, 555 S.W.2d 792, 802 (Tex.Civ.App.—Corpus Christi 1977, no writ). The rationale underlying this general rule is the obligation of each spouse to provide for the community's well-being. *Norris*, 260 S.W.2d at 683; *Butler*, 975 S.W.2d at 769; *Trevino*, 555 S.W.2d at 802.

■ However, we disagree with our sister court's holding in *Butler* that the exception of living expenses from the equitable right of reimbursement applies *only* to the living expenses of the marital family. As we have already noted, parents have an obligation to provide for the well-being of their children. We see no reason not to extend this general rule to a situation in which the community estate provides for the living expenses of a child of a former marriage.

■ A child's right to be supported by his or her parents is a moral and legal right the nature of which does not change upon remarriage by one or both of the parents. *Williams*, 821 S.W.2d at 149 (noting the "historically unique legal, societal, and moral nature of the parental support obligation") (Cornyn, J., concurring). In balancing this right against the equitable right to reimbursement, we hold that court-ordered child support payments are not subject to a claim for reimbursement by the community estate. We find support for our decision in the "strong, long-standing policy of this state to protect the interests of its children." *Id.* at 145 (basing its holding that the Family Code prohibited parents from settling claims for child support arrearages before the unpaid amount was reduced to a final judgment on the strong public policy of protecting a child's best interest); *see also Munoz v. II Jaz Inc.*, 863 S.W.2d 207, 209–10 (Tex.App.—Houston [14th Dist.] 1993, no writ) (holding that the Family Code, which empowers parents to make legal decisions concerning their child, does not give parents the power to waive a child's cause of action for personal injuries based upon the public policy to protect minor children). Therefore, the trial court should not have factored in a reimbursement claim

for $429,750 when it divided the community estate.

We sustain point of error seven.

In point of error eight, George contends the trial court erred in determining that the community estate had a right of reimbursement from him for attorney's fees resulting from litigation of his child support obligations. The trial court found that George incurred $31,000 in legal fees in connection with support modification and contempt proceedings stemming from the divorce decree dissolving his previous marriage. A portion of the fees was paid to his former wife's attorney. Although the trial court did not order reimbursement of the $31,000, it factored in this claim when it divided the community estate.

■ Attorney's fees rendered in prosecution or defense of a suit affecting the parent-child relationship may be awarded as necessaries to the child. TEX. FAM.CODE ANN. § 106.002(a) (Vernon Supp.1998); *Sullivan v. Deguerin, Dickson & Szekely*, 786 S.W.2d 59, 61 (Tex.App.—Houston [1st Dist.] 1990, no writ). The award of attorney's fees is within the trial court's discretion. *Bruni v. Bruni*, 924 S.W.2d 366, 368 (Tex.1996).

■ Other than reflecting that the fees were related to modification and contempt proceedings, there is no indication in the record of who initiated the proceedings, the basis of the proceedings, what evidence was heard, or who prevailed. There is no indication that the attorney's fees were incurred for the benefit of George's children from his prior marriage. *Sullivan*, 786 S.W.2d at 61. Therefore, the trial court did not abuse its discretion by factoring in a reimbursement claim for $31,000 when it divided the community estate.[3]

We overrule point of error eight.

The discussion of the remaining points of error does not meet the criteria for publication, Tex.R.App. P. 47.4, and is, thus, ordered not published.

---

**3.** Our holding is not to be interpreted as stating that, had the record established that the attorney's fees were for the benefit of George's children, a claim for reimbursement would not lie.

Rather, we base our holding on the state of the record before us and leave for another day the issue of whether a claim for reimbursement may attach to such fees.

We reverse the judgment of the trial court and remand the cause for further proceedings.