Opinion issued June 23, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00570-CV

———————————

Shaun MICHAEL Baxley, Appellant

V.

Diane Devee
BAXLEY, Appellee



 



 

On Appeal from the 75th District Court 

Liberty County, Texas



Trial Court Case No. CV0801230 

 



 

MEMORANDUM OPINION

          Shaun Baxley appeals from decree of divorce, in which the
trial court dissolved his marriage to Diane Baxley after conducting a bench
trial.  On appeal, Shaun contends that (1)
insufficient evidence supports the trial court’s determination of the monthly
amount of child support payments, and (2) the trial court abused its discretion
in awarding an unequal division of the marital assets to Diane, in relying on
her inventory and appraisement of the community estate, and in denying his
motion for a new trial.[1]  Finding no error, we affirm. 

Background

          In
2001, Shaun and Diane were married.  During
the course of the marriage, they had one child. 
The parties separated.  Diane filed
a petition for divorce in December 2008.   

In January 2010, at the bench
trial, Diane testified that she is a horse trainer and owns a horse training
business.  Her gross income is $3,000 a
month.  Shaun is a farrier and owns a
farrier service business and a trucking business.  He operates the businesses as a sole
proprietor.  At trial, Shaun did not know
his gross income for the years 2006 through 2008.  He said he did not file a tax return for 2008
because Diane had withheld the tax information he needed to complete his
return.  Diane testified that she turned
over the tax information to Shaun’s attorney. 
Shaun admitted that he signed a receipt for the information, but he
claimed the information was incomplete.        

Shaun’s bank statements from
February 2009 to November 2009 show deposits totaling about $102,000.  Shaun testified that these deposits reflect
his monthly gross income for that period. 
He admitted that his gross income for 2009 was about $124,000, but claimed
that his “expenses” for the year were about $129,000.  The trial court asked Shaun to substantiate his
claimed expenses.  In response, Shaun
provided a one page list of all of his expenses totaling about $129,000.  The list does not differentiate between
Shaun’s business and personal expenses.[2]  Diane testified that based on Shaun’s income
he should pay $1,500 a month in child support for their son.    

Shaun and Diane’s property consisted
primarily of their respective businesses, motor vehicles, trailers, furniture,
firearms, livestock, farm equipment, and riding equipment.  They owned no real property.  They had many community liabilities.  Diane submitted a sworn inventory and
appraisement of the parties’ assets and liabilities.  The trial court also took judicial notice of
Shaun’s sworn inventory and appraisement in the court’s file.  Shaun disagreed with Diane’s appraisement of
several of the parties’ assets, including a 1996 Dodge 3500, a boat, an Arctic
Cat 600, certain trailers, the farm equipment, and the household goods in
Shaun’s possession.  Shaun also testified
that certain assets on Diane’s inventory had been sold, repossessed or did not
belong to Shaun and Diane.  He opined
that his two businesses and Diane’s horse training business had no value.  In contrast, Diane claimed that Shaun’s farrier
services business was worth $80,000 and his trucking business was worth
$50,000, while her horse training business was worth $40,000.  Shaun stated that he did not object to a
60/40 split of the assets.  

The trial court heard and evaluated
the admissibility of evidence relating to the parties’ marital discord.  Shaun admitted to an affair with a woman
during his marriage with Diane.  The
woman confirmed that she and Shaun had an affair.  Diane sought to introduce photographs of
Shaun engaged in sexual relations with a second woman.  Shaun conceded that he was depicted in at
least some of the photographs, and he identified the woman in the photographs.  Shaun objected to the admission of the
photographs into evidence, and the trial court excluded them.  Shaun claimed that Diane also had extramarital
relationships.  Diane denied that she had
had any extramarital relationship.  She
testified that while she and Shaun were married she tested positive for a
sexually transmitted disease.  She said
that she had engaged in sexual relations only with Shaun at that time.   

          After
the bench trial, the trial court held a hearing and announced that it had
reviewed Shaun’s business and personal expenses.  Based on these expenses, and his gross income
of $124,000, the trial court set the child support at $1,000 per month.  Shaun made no objection.  In April 2010, the trial court signed a final
decree.  The trial court appointed the
parties joint managing conservators over the parties’ minor child and ordered
Shaun to pay $1,000 per month to Diane for support.  The trial court found that Shaun had an
extramarital relationship and was at fault in the divorce action, and that Shaun
had a monthly net income of $5,000.  It
awarded Shaun 45 percent and Diane 55 percent of the community estate.  The court considered the following factors in
the division of the property: (1) the finding of fault; (2) Diane’s custodial
care of the child; and (3) the  disparity
in the parties’ earning capacities.  The
court found that Shaun and Diane’s businesses had no value and omitted any
property from the community estate that Shaun maintained had been sold,
repossessed or was not in existence.  The
court also found that Shawn had $1,000 of household possessions.  For the valuation of the other items in the
community estate, the court relied on Diane’s appraisement less any debt owed
on the property.                    

          Shaun
moved for a new trial.  At the hearing on
his motion, Shaun offered additional testimony and produced two appraisements of
some of the community property, as well as his tax returns for 2008 and 2009.   He testified that he had never given Diane a
sexually transmitted disease.  He stated
that he had prepared his tax returns the week before the hearing on the motion
for a new trial.  The trial court denied the
motion.  The trial court noted that a
photograph “had a lot of bearing with my thoughts on this case.”    

Discussion

Child Support 

          Shaun
contends that the trial court erred because it set the child support award in
violation of the Texas Family Code formula. 
See Tex. Fam. Code
Ann.  § 154.125 (West Supp. 2010).  According to Shaun, without his tax
returns, the trial court lacked sufficient evidence to set the amount of child
support.  We construe Shaun’s complaint
as a challenge to the sufficiency of the evidence.       

1) Standard of Review 

The purpose of child support is to help a custodial parent
maintain an adequate standard of living for a child.  Farish v. Farish, 982 S.W.2d 623, 627 (Tex. App.—Houston [1st Dist.] 1998, no
pet.).  Generally, a complaining party
must show that a trial court’s support order constitutes a clear abuse of discretion
in order for it to be disturbed on appeal.  Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990). A
trial court abuses its discretion when it acts without reference to any guiding
rules and principles. McGuire v. McGuire, 4 S.W.3d 382, 384 (Tex. App.—Houston [1st Dist.] 1999, no
pet.); Holley v. Holley,
864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied).  In the child-support context, sufficiency
challenges are not independent points of error, but are “incorporated into an
abuse of discretion determination.”  McGuire, 4 S.W.3d at 387 n.2; see Burney
v. Burney, 225 S.W.3d 208,
214 (Tex. App.—El Paso 2006, no pet.).  Our
analysis employs a two-pronged inquiry: (1) whether the trial court had
sufficient information upon which to exercise its discretion; and (2) whether
the trial court erred in its application of discretion.  McGuire, 4 S.W.3d at 387 n.2.  A
trial court does not abuse its discretion when there is some evidence of a
substantive and probative character to support its order.  Newberry v. Bohn-Newberry, 146 S.W.3d 233, 235 (Tex. App.—Houston
[14th Dist.] 2004, no pet.). 

2) Applicable Law 

In regard to a child-support award, section 154.062 provides
that a court “shall calculate net resources for the purpose of determining
child support liability as provided by this section.”  Tex.
Fam. Code Ann. § 154.062(a) (West Supp. 2010).  “Net resources” includes all wage and salary
income, self-employment income, and all other income actually being
received.  Id. § 154.062(b) (West
Supp. 2010).  Section 154.063 also
provides that “[t]he court shall require a party to . . . furnish information
sufficient to accurately identify that party's net resources and ability to pay
child support.”  Id. § 154.063 (West
2008).  “In the absence of evidence of
the wage and salary income of a party, the court shall presume that the party
has wages or salary equal to the federal minimum wage for a 40–hour week.” Tex. Fam. Code Ann. § 154.068 (West 2008).  Because the support of one child is at issue
here, the guidelines suggest that the obligor pay 20 percent of his monthly net
resources toward the support of the child.  Tex.
Fam. Code Ann. § 154.125.

3) Analysis 

Here, the
trial court found that Shaun had $5,000 in net resources per month.  Accordingly, the trial court ordered $1,000
in child support payments per month or 20 percent of his monthly net resources as
required by the Family Code.  See Tex.
Fam. Code Ann. § 154.125.  Shaun’s
bank statements indicated about $102,000 in deposits over a ten month period in
2009, and Shaun acknowledged that his 2009 gross income was about $124,000.  The deposits are probative of Shaun’s net
resources.  See Burney v. Burney, 225 S.W.3d 208, 214 (Tex. App.—El Paso 2006,
no pet.) (holding that trial court properly determined that obligor had higher
net resources than his tax returns indicated, based on obligor’s inability to
account for deposits in his banking account above his monthly salary).  At the request of the trial court, Shawn produced
evidence of all his expenses, without distinguishing between his business and
personal ones.  Based on this list of
expenses, the trial court adjusted Shaun’s income downward and determined that
Shaun had at least $5,000 in net resources per month.  Because some evidence of a substantive and
probative character supports the trial court’s decision, Shaun has failed to
show reversible error.  See Newberry, 146 S.W.3d at 235 (holding that
some probative evidence existed to support trial court’s determination that
husband earned more than $6000 per month because wife testified that husband
earned $150,000 per year.).  Accordingly,
we hold that the trial court did not abuse its discretion in determining the
amount of child support.   

Finally,
Shaun asserts that the trial court erred in denying his motion for new trial
because he produced his income tax returns for 2008 and 2009 at the
hearing.  For the reasons previously
discussed, the trial court had sufficient evidence on which to base a support
determination.  It had no obligation to
re-open the evidence and consider evidence proffered for the first time in a
motion for new trial without the proper foundation.  See Connell
Chevrolet Co., Inc. v. Leak,
967 S.W.2d 888, 894 (Tex. App.—Austin 1998, no pet.) (stating that party moving
for new trial based upon existence of newly discovered evidence has burden of
showing: (1) admissible, competent evidence showing existence of newly discovered
evidence; (2) evidence has come to party's attention since trial and party had
no notice of its existence before trial; (3) the party used due diligence to
procure evidence before trial; (4) the evidence is not merely cumulative of
that already presented and does not tend only to impeach testimony of the
adversary; and (5) evidence would probably produce different result if new
trial were granted).


Property Division

          Next, Shaun contends that the trial court erred by awarding
an unequal division of their community property to Diane and by relying on Diane’s
inventory and appraisement of their community estate.   

1) Standard of Review


Section 7.001 of the Family Code
requires trial courts to divide “the estate of the parties” to a marriage as
“the court deems just and right, having due regard for the rights of each
party. . . .”  Tex. Fam. Code Ann. § 7.001 (West 2006); see Hailey v.
Hailey, 176 S.W.3d 374, 380
(Tex. App.—Houston [1st Dist.] 2004, no pet.); see also Eggemeyer v.
Eggemeyer, 554 S.W.2d 137,
139 (Tex. 1977) (defining “estate of the parties,” for purposes of predecessor
to section 7.001, as community property only, thus excluding parties’ separate
property).

          We review property-division issues for abuse of discretion.  See Schlueter v. Schlueter, 975 S.W.2d 584, 589 (Tex. 1998); Wilson
v. Wilson, 132 S.W.3d 533,
536 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).  Section 7.001 vests broad discretion in the trial
court, and we presume that the trial court exercised it properly.  Schlueter, 975 S.W.2d at 589; Murff v. Murff, 615 S.W.2d 696, 698 (Tex. 1981); Vannerson
v. Vannerson, 857 S.W.2d
659, 668–69 (Tex. App.—Houston [1st Dist.] 1993, writ denied).  A trial court abuses its discretion when it
acts arbitrarily or unreasonably and without reference to any guiding rules or
principles. See
Hailey, 176 S.W.3d at 380; Holley
v. Holley, 864 S.W.2d 703,
706 (Tex. App.—Houston [1st Dist.] 1993, writ denied).  We defer to the trial court’s factual
resolutions and any credibility determinations that may have affected those
resolutions and may not substitute our judgment for the trial court’s judgment
in those matters.  See Murff, 615 S.W.2d at 700 (noting that in divorce
trial to bench, trial court has opportunity to observe spouses and assess their
needs, potential, and credibility and further noting that “mathematical
precision . . . is usually not possible” in dividing marital estate).  

2) Disproportionate
Division of Community Property 

Shaun challenges that the trial court’s unequal division,
based on a finding of fault on behalf of Shaun because Diane, he claims, also
had an extramarital affair.   

A “just and right” division does not require a trial court
to divide the marital estate into equal shares.  Murff, 615 S.W.2d at 698-99 & n.1 (recognizing that community
property need not be equally divided). When dividing community property, the
trial court may consider many factors, including each party's earning capacity,
abilities, education, business opportunities, physical health, financial
condition, age, and size of separate estates, as well as any future needs for
support, expected inheritance, custody of any children, reimbursements, gifts
to a spouse during marriage, fault in the breakup of the marriage, length of
the marriage, attorney’s fees, and a spouse's dissipation of the estate.  See Murff, 615 S.W.2d at 699; Hailey, 176 S.W.3d at 380; Alsenz v. Alsenz, 101 S.W.3d 648, 655 (Tex. App.—Houston
[1st Dist.] 2003, pet. denied).  A trial court may, but need not, take
fault into consideration when dividing an estate. Murff, 615 S.W.2d at 698; see Massey v.
Massey, 807 S.W.2d 391, 398
(Tex. App.—Houston [1st Dist.] 1991, writ denied); see also Smith v. Smith, 836 S.W.2d 688, 693 (Tex. App.—Houston
[1st Dist.] 1992, no writ) (holding that division should not punish spouse
found to be at fault) (citing Young v. Young, 609 S.W.2d 758, 762 (Tex. 1980)).

Here, Shaun admitted to an extramarital affair.  Shaun alleges that Diane also had an affair,
but Diane denied it.  The trial court, as
fact-finder, resolved the conflicting testimony, and acted within its
discretion, to the extent it considered Shaun’s infidelity, among other
factors, in dividing the estate.  See
Murff, 615 S.W.2d at 700.  We defer
to this determination.  We hold that the
trial court did not abuse its discretion when it awarded an unequal division of
the community estate.  

3) Inventories and
Appraisements of Property  

Shaun further maintains that the trial court erred because it accepted
Diane’s sworn inventory and appraisement of their property.  

The parties to the suit bear the responsibility to produce
evidence of the value of various properties in the marital estate so that the
trial judge has a basis on which to make the division.  Wallace v. Wallace, 623 S.W.2d 723, 725 (Tex. Civ.
App.—Houston [1st Dist.] 1981, writ dism’d).  The ultimate and controlling issue is whether
the trial court divided the property in a “just and right manner,” pursuant to
the Family Code.  See Tex. Fam. Code Ann. § 7.001 (West 2006);
Rafferty v. Rafferty,
903 S.W.2d 374, 376 (Tex. App.—Houston [1st Dist.] 1995, writ denied).  

Here, we review whether some evidence supports the trial
court’s decision.  See Gainous v.
Gainous, 219 S.W.3d 97, 103
(Tex. App.—Houston [1st Dist.] 2006, pet. denied) (stating trial court’s
judgment must be affirmed if it can be upheld on any legal theory that finds
support in evidence).  Both parties
submitted sworn inventories and appraisements of the community estate to the
trial court.  However, their valuations
differ.  See Tex. Fam. Code Ann. § 7.006(a) (West
2006).  Shaun and Diane provided
different values for some items of property, including their
respective businesses, a 1996 Dodge 3500, a boat, an Arctic Cat 600, certain
trailers, all the farm equipment, and the household goods in Shaun’s possession. 
The trial court, as fact-finder, resolved these disputes in the evidence.  See Murff, 615 S.W.2d at 700.  The trial court accorded no value to the
parties’ respective businesses, and did not accept Diane’s appraisement of
household goods in Shaun’s possession. 
In addition, the trial court excluded all of the property from the
estate that Shaun maintained had been sold, repossessed or, did not existence.  Diane’s inventory and appraisement were both
sworn and admitted into evidence.  See
Barnard v. Barnard, 133
S.W.3d 782, 789 (Tex. App.—Fort Worth 2004, pet. denied) (holding that once inventory
and appraisement is admitted, it may be considered as evidence before court); see also Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 84 n.2 (Tex. 1992) (stating that absence of
documents to support opinions and estimates goes to weight of evidence).  We hold that the trial court could consider Diane’s
valuations in dividing the community estate and did not abuse its discretion in
relying on her inventory and appraisement.  


Motion for New Trial 

          Shaun contends that the
trial court erred in denying his motion for new trial because the trial court considered
evidence that it had excluded at trial. 
Specifically, Shaun maintains that the trial court based its ruling in
the case on photographs of him having sexual relations with another woman.  The trial court had excluded these
photographs from the evidence.  Any consideration of the photographs
was error; however, it is not reversible error. 
We hold that it was harmless, because it would have been cumulative of
other evidence that Shaun had extramarital relationships, including his own
admission to one.  See GTE Sw., Inc.
v. Bruce, 998 S.W.2d 605, 620 (Tex. 1999) (citing Tex. R. App. P. 44.1(a)(1) as mandating that no judgment may
be reversed on appeal on ground that trial court made error of law unless error
complained of probably caused rendition of improper judgment).  Accordingly, we conclude any error
by the trial court was harmless.  

Shaun further maintains that the
trial court erred in denying his motion for new trial because he “never gave
Diane any sexually transmitted disease, and denial of a new trial denied him a
fair trial and due process.”  Shaun
complained that no medical records substantiate Diane’s testimony that he gave
her a sexually transmitted disease.  In order to preserve an objection to
admission of evidence, a party must timely object.  Tex.
R. Evid. 103(a)(1); Tex. R. App.
P. 33.1(a).  Here, at the time
that the evidence was offered, Shaun made no complaint about Diane’s
testimony.  Accordingly, we conclude that
Shaun failed to preserve any error on this matter.  

 

 

 

 

 

 

 

 

 

Conclusion

We hold that the trial court did not abuse its discretion in
denying Shaun’s motion for a new trial, sufficient evidence supports the trial
court’s determination of child support, and the trial court did not abuse its
discretion in awarding an unequal division of the martial assets and in relying
on Diane’s inventory and appraisement of the community estate.   We therefore affirm the judgment of the
trial court. 

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Justices Jennings, Bland, and Massengale.

 











[1]           The Texas Supreme Court transferred
this appeal from the Court of Appeals for the Ninth District of Texas.  Misc. Docket No. 10-9105 (Tex. June 21, 2010);
see Tex.
Gov’t Code Ann. § 73.001 (West 2005) (authorizing transfer of cases).





[2]        Shaun’s
list of expenses included the following items: fuel ($13,364.18); labor ($15,070.64); shoeing supplies         ($6,750.09); propane ($902.36); truck
expenses ($14,612.89); insurance ($8,135.21); meals and entertainment ($7,014.63);
farm expenses ($3,714.46); veterinarian ($445.00); feed ($444.34); medical
($437.16); credit accounts/ note payments ($21,889.59); utilities ($5,058.77);
payments to Diane ($14,380.01); cell phone          
($4,083.96); clothing and laundry ($1,640.91); attorney fees ($2,500.00); bookkeeping
($6,000.00); miscellaneous fees ($3,120.00); office supplies ($182.63).