# NO. 12-11-00025-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF J.A.R.,* | § | *APPEAL FROM THE 8TH* |
| *D.L.R. AND C.M.R.,* | § | *JUDICIAL DISRICT COURT* |
| *MINOR CHILDREN* | § | *RAINS COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Anthony Lane Redmon appeals from the trial court's order increasing his monthly child support from $425.00 to $1,000.00. In two issues, Anthony contends the trial court's modification of his child support obligation constitutes an abuse of discretion. We affirm.

## BACKGROUND

Anthony and Karen Redmon were married with three children, but were divorced pursuant to an agreed final divorce decree on September 17, 2008. Under the terms of the decree, Anthony was obligated to pay Karen $425.00 per month for child support. Anthony's child support obligation was less than the child support guidelines amount, but Karen agreed to the amount.[1]

On September 30, 2010, the Office of the Attorney General (OAG) filed a "Petition for Confirmation of Non-Agreed Child Support Review Order." The OAG sought to increase Anthony's child support obligation to $1,158.00 per month, an amount the OAG believed to be in line with the child support guidelines. Anthony objected to the increase, and the trial court set the OAG's petition for hearing.

---

[1] Specifically, the Agreed Final Decree of Divorce stated, "[T]he parties have entered into a written agreement as contained in this decree by virtue of having approved this decree as to both form and substance. . . . The Court approves the agreement of the parties as contained in this Final Decree of Divorce."

At the hearing, the OAG sought to prove that the circumstances of Anthony, Karen, and the children had materially and substantially changed since the date of the agreed final divorce decree. The evidence presented at the hearing showed that Anthony had received raises since the date of the divorce decree that increased his wages by $2.90 per hour. Karen had purchased a larger house to accommodate the children, which caused her expenses to increase. The oldest child was taking driver's education and would soon need a vehicle. All three children were involved, or wanted to be involved, in more extracurricular activities than on the date of the divorce. The oldest child was in the band and 4-H, the middle child was in 4-H and wanted to participate in sports, and the youngest wanted to be in 4-H. Karen could not afford another vehicle, insurance for a teenage boy, or the expenses associated with these extracurricular activities unless she received increased support from Anthony.

After hearing the evidence, the trial court found a material and substantial change in circumstances to support the modification, but also found that child support calculated at the guidelines amount would be an undue hardship for Anthony. Accordingly, the trial court ordered that Anthony's child support obligation be increased to $1,000.00 per month instead of $1,158.00 as requested by the OAG.

Anthony requested findings of fact and conclusions of law. The trial court complied with Anthony's request. Anthony then requested amended and additional findings of fact and conclusions of law. Again, the trial court complied with Anthony's request. As pertinent to this appeal, the trial court found that "[t]hese expenses [described in the trial court's findings of fact 8 through 12] manifest a material and substantial change in the circumstances of [Karen] and the children."

## STANDARDS OF REVIEW

Anthony contends that the evidence is legally and factually insufficient to support the trial court's modification of his child support obligation and therefore the modification order constitutes an abuse of the trial court's discretion. This issue implicates two different appellate standards of review: abuse of discretion and the traditional evidentiary sufficiency standard. *See Lindsey v. Lindsey*, 965 S.W.2d 589, 591 (Tex. App.–El Paso 1998, no pet.). Because these standards overlap here, as they frequently do in family law cases, we apply a hybrid analysis. *Jenkins v. Jenkins*, 16 S.W.3d 473, 477 (Tex. App.–El Paso 2000, no pet.).

## Abuse of Discretion

A trial court has broad discretion in setting or modifying child support payments. *In re A.M.W.*, 313 S.W.3d 887, 890 (Tex. App.—Dallas 2010, no pet.). The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). Stated another way, a trial court abuses its discretion when it acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). An abuse of discretion does not occur merely because a trial court may decide a matter within its discretionary authority in a different manner than an appellate court in a similar circumstance. *Id*. A trial court's modification order is reversed only when it appears from the record as a whole that the trial court abused its discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). When there is some evidence of a substantive and probative character to support the trial court's decision, no abuse of discretion occurs. *In re B.A.W.*, 311 S.W.3d 544, 550 (Tex. App.–El Paso 2009, no pet.).

## Traditional Sufficiency Review

A trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing evidence supporting jury findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). A party who challenges the legal sufficiency of the evidence to support an issue on which it did not have the burden of proof at trial must demonstrate on appeal that there is no evidence to support the adverse finding. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). When considering a legal sufficiency challenge after a bench trial, we view the evidence in the light most favorable to the trial court's findings, "crediting favorable evidence if reasonable [fact finders] could, and disregarding contrary evidence unless reasonable [fact finders] could not." *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). We must indulge every reasonable inference that would support the trial court's findings. *Id*. at 822. "The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the decision under review." *See id*. at 827.

When considering the factual sufficiency of the evidence to support a finding on which, as in this case, the appellee had the burden of proof, we examine all of the evidence and "set

aside the finding only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust." *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). We are not permitted to substitute our judgment for that of the fact finder. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761-62 (Tex. 2003).

## Application in Family Law Cases

To determine whether the trial court abused its discretion because the evidence is legally or factually insufficient, we engage in a two-pronged inquiry: (1) Did the trial court have sufficient information upon which to exercise its discretion; and (2) Did the trial court err in its application of discretion? *In re T.D.C.*, 91 S.W.3d 865, 872 (Tex. App.–Fort Worth 2002, pet. denied) (op. on reh'g). The traditional sufficiency review comes into play with regard to the first question. *Lindsey*, 965 S.W.2d at 592. We then determine whether, based on the elicited evidence, the trial court made a reasonable decision–one that was neither arbitrary nor unreasonable. *Id*. In this case, Anthony has appropriately raised both prongs of this inquiry.

## APPLICABLE LAW

When the parties agree to an order under which the amount of child support differs from the amount that would be awarded under the child support guidelines, a trial court may modify the order only if the circumstances of the child or a person affected by the order have materially and substantially changed since the order's rendition. TEX. FAM. CODE ANN. § 156.401(a-1) (West 2008). In determining whether a material and substantial change in circumstances has occurred, the trial court must compare the financial circumstances of the children and the affected parties at the time the existing support order was entered with their circumstances at the time the modification is sought. *London v. London*, 94 S.W.3d 139, 144 (Tex. App.—Houston [14th Dist.] 2002, no pet.). The movant bears the burden to show the material and substantial change. *A.M.W.*, 313 S.W.3d at 891. A trial court's decision as to whether there has been a material and substantial change of circumstances is not guided by rigid rules and is fact specific. *Id*.

The purpose of child support is to help a custodial parent maintain an adequate standard of living for the children. *Farish v. Farish*, 982 S.W.2d 623, 627 (Tex. App.—Houston [1st Dist.] 1998, no pet.). The best interest of the children is the trial court's primary consideration in determining a child support obligation. *McLane v. McLane*, 263 S.W.3d 358, 362 (Tex. App.—

4

Houston [1st Dist.] 2008, pet. denied). The amount of a child support payment established by the child support guidelines is presumed reasonable, and an order of support conforming to the guidelines is presumed in the best interest of the children. TEX. FAM. CODE ANN. § 154.122(a) (West 2008). But a trial court may deviate from the guidelines if it determines the guidelines are unjust or inappropriate under the circumstances. *Id*. §§ 154.122(b). 154.123(a) (West 2008). Factors for a trial court to consider in determining whether application of the guidelines would be unjust or inappropriate under the circumstances include the age and needs of the children and the ability of the parents to contribute to the support of the children. *Id*. § 154.123(b)(1), (2) (West 2008).

## MODIFICATION OF CHILD SUPPORT OBLIGATION

Anthony argues that the trial court's modification of his child support obligation constitutes an abuse of discretion because the evidence is legally and factually insufficient (1) to prove that the circumstances of the children or a person affected by the order have materially and substantially changed since the date of the order's rendition and, alternatively, (2) to support an increase in his child support obligation from $425.00 per month to $1,000.00 per month. We address these arguments as two separate issues.

### Material and Substantial Change in Circumstances (Issue 1)

At the hearing on the OAG's petition, Karen testified that at the time of the divorce, the children were ages 13, 8, and 7. At the time of the modification hearing, the children were 15, 11, and 9. She also testified that after the divorce, she purchased a larger house, which caused her expenses to increase. She was also paying for the oldest child to take driver's education, and he would soon need a vehicle. When he acquired one, Karen's automobile insurance would significantly increase. Also, the children were, or wanted to be, more involved in extracurricular activities, which also increased Karen's expenses.

Anthony argues that Karen did not meet her burden to show the requisite material and substantial change in circumstances because she did not present evidence of her expenses at the time of the divorce. In support of his argument, he cites two cases, ***In the Interest of C.C.J.***, 244 S.W.3d 911 (Tex. App.–Dallas 2008, no pet.), and ***London v. London***, 94 S.W.3d 139 (Tex. App.–Houston [14th Dist.] 2002, no pet.).

5

In *C.C.J.*, the mother presented evidence of her current income and living expenses, but not of her expenses at the time of the divorce. The Dallas court stated that because the trial court had nothing to compare, it could not have determined whether there had been "a substantial and material change of circumstances since the rendition of the prior order." Accordingly, the court held that the trial court's finding of "substantial and material change" was not supported by the record and constituted an abuse of discretion. *See C.C.J.*, 244 S.W.3d at 918. In *London*, the mother, "[a]t most, . . . testified about an interest in a joint venture she received in her divorce, which was worth about $1,000,000." She testified that she learned on the eve of trial that the joint venture was not worth anything and that she was counting on that money to assist her in supporting the children. However, she did not testify that she had been relying on or otherwise receiving any income from the joint venture. Accordingly, the court held that the trial court abused its discretion in modifying the child support because there was no evidence of the financial circumstances of either the mother or her children at the time the support order was entered. *London*, 94 S.W.3d at 145.

In the case at hand, Karen was specifically asked how her expenses had changed since the divorce. In response, she testified that her housing expenses had increased and also that she had incurred additional expenses, and expected to incur more, attributable to the children's increasing involvement in extracurricular activities. Because her testimony was presented in terms of how her expenses had changed since the divorce, the facts in this case are distinguishable from those in *C.C.J.* and *London*. Karen's testimony provided evidence of a substantive and probative character to support the trial court's finding that the expenses she described "manifest a material and substantial change in the circumstances of [Karen] and the children." *See Brejon v. Johnson*, 314 S.W.3d 26, 32 (Tex. App.–Houston [1st Dist.] 2009, no pet.) (general testimony about having to spend extra, unforeseen sums on babysitters and of the increased cost of living legally and factually sufficient to support finding of material and substantial change in circumstances). Accordingly, we hold that the evidence is legally and factually sufficient to support the trial court's finding of material and substantial change. Therefore, the trial court did not abuse its discretion in determining that there was a material and substantial change in the circumstances of Karen and the children. Anthony's first issue is overruled.

**Amount of Increase (Issue 2)**

6

Anthony also asserts that the evidence is legally and factually insufficient to support the upward modification of his child support obligation to $1,000.00 per month. He complains that the trial court "totally ignore[d] the agreement of the parties and the fact that [he], at the time of the divorce was making virtually the same income that he is now, save and except the $2.90 per hour increase."

We first note that Anthony directs us to no authority, and we have been unable to locate any such authority, supporting that the trial court's discretion was limited by the agreement between Anthony and Karen. In fact, the family code provides that once the trial court found a material and substantial change in circumstances, it had authority to modify the child support order as in any other case. *Compare* TEX. FAM. CODE ANN. § 156.401(a)(1) *with* TEX. FAM. CODE ANN. § 156.401(a-1). Thus, the trial court was not bound by Anthony and Karen's previous agreement, and could utilize the child support guidelines to determine the amount of child support that was in the best interest of the children. *See id*. § 154.122(a).

The record shows that Anthony's hourly wage at the time of the modification hearing was $26.42. Based upon this evidence, the trial court calculated that Anthony's gross weekly wage was approximately $1,056.00, and his gross monthly wage was approximately $4,224.00. By referring to the current tax chart and the pertinent statutory table, the trial court found that Anthony's monthly net resources were $3,860.92 and that the percentage applied to Anthony's net resources for child support was thirty per cent. *See* TEX. FAM. CODE ANN. §§ 154.129 (alternative method for computing child support for multiple children), 154.061(b) (current tax chart) (West 2008 & Supp. 2010). Thus, the trial court calculated that Anthony's monthly child obligation under the guidelines would be $1,158.00. However, the court departed downward from the guidelines amount to $1,000.00 because of the burden that adherence to the guidelines would have imposed on Anthony. *See id*. §§ 154.122(a), 154.123(a).[2]

The testimony that Anthony's current hourly wage was $26.42 was evidence of a substantive and probative character from which the trial court could calculate Anthony's child support obligation in compliance with the procedure set out in the Texas Family Code. Anthony calls our attention to his own calculations, which were admitted into evidence, showing that his $2.90 increase in wages would increase his monthly child support to only $564.50 per month.

---

[2] Karen does not complain of the trial court's exercise of its discretion to set Anthony's child support obligation below the guidelines.

However, the calculations were not made in accordance with the statutory method for calculating child support. Consequently, the trial court could disregard them. *See Nordstrom v. Nordstrom*, 965 S.W.2d 575, 581 (Tex. App.–Houston [1st Dist.] 1997, pet. denied) (trial court, as trier of fact, is sole judge of witness credibility and weight to be given testimony, and may consider all facts and surrounding circumstances pertaining to testimony and accept or reject all or any part of testimony). Accordingly, we hold that the evidence is legally and factually sufficient to support the trial court's increase of Anthony's child support obligation to $1,000.00 per month. Therefore, the trial court did not abuse its discretion in setting Anthony's child support obligation at $1,000.00. Anthony's second issue is overruled.

## DISPOSITION

Having overruled Anthony's first and second issues, we *affirm* the trial court's order increasing Anthony's child support obligation.

**BRIAN T. HOYLE**
Justice

Opinion delivered August 24, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

8